Emma L. Hirsh et al., by Guardian, etc., et al., Respondents, *v.* Frederick Auer, as Executor, etc., Appellant.

Trusts may be created in personal property by parol, and to accomplish this no particular form of words is necessary.

It is not material that the trust agreement deals with a contingent interest; when the interest becomes vested and the trustee receives the fund the trust attaches to it.

H., the father of plaintiffs, at the time of his death held a policy or certificate of insurance on his life for $2,000, payable, and which was paid, to his sister, C., the original defendant and the present defendant's testatrix. In an action to recover the amount so paid plaintiffs proved a parol agreement between H. and C., to the effect that when she collected the policy

she would expend not to exceed $500 thereof for his funeral expenses, etc., and would divide the balance equally between plaintiffs, who were his children. *Held*, that the agreement was valid; that C. received the amount of the insurance impressed with the trust created by the agreement, and so that a verdict was properly rendered for the $1,500.

On the trial one of the plaintiffs was permitted to testify that after the death of H. she delivered the policy to C., and stated at the time that her father had told her of the making of the alleged agreement between him and C., and that the latter admitted she made the agreement. C. was alive at the time of the trial. *Held*, that the evidence was properly received; that it was not incompetent under the provisions of the Code of Civil Procedure (§ 829) as it simply tended to prove an admission of C. against her interest, not a personal transaction or conversation between the witness and a deceased person.

A son of C., who was not a party to the action or beneficiary under the agreement, was also called as a witness for plaintiffs as to conversations with his father. *Held*, that the witness was not so interested as to prevent his testifying.

Reported below, 79 Hun, 493.

(Argued April 9, 1895; decided April 23, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 10, 1894, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Circuit without a jury.

This action was brought by three of the children of John Hirsh, deceased, to recover the proceeds of a policy or certificate of membership in the Ancient Order of United Workmen, of which he was a member, which was made payable to Clara Auer, a sister of said Hirsh.

The facts, so far as material, are stated in the opinion.

*T. K. Fuller* for appellant. No trust could be impressed upon the proceeds of the insurance in this case, by an agreement between the insured and the beneficiary made prior to the insurance. (*Boasburg* v. *Cronan*, 30 N. Y. S. R. 483; *Sabin* v. *Grand Lodge A. O. U. W.*, 6 id. 151; *M. B. Soc. of Red Men* v. *Clendinen*, 44 Md. 429; *Hillenberg* v. *Dist. No. 1 of I. O. of B. B.*, 94 N. Y. 580, 585; *Sabin* v. *Phinney*, 134 id. 433.) The alleged oral declarations of the

insured, proved only by being stated to the defendant by one of the plaintiffs, at the time the certificate was delivered to her, and her alleged admission, at that time, that such declarations were made by the deceased, are inadmissible to vary or contradict the terms of the certificate itself, and are insufficient to raise a trust in respect to the proceeds of said certificate. ( *Wason* v. *Coburn*, 99 Mass. 342; *Dean* v. *Dean*, 6 Conn. 285 ; *Philbrook* v. *Delano*, 29 Maine, 410 ; Perry on Trusts [ed. 1882], § 76.) Evidence of the oral declarations of the deceased, made after the issuing of the certificate, are inadmissible to vary its construction ; and mere statements that it was intended for the benefit of his three children are insufficient to constitute a trust. ( *Wason* v. *Coburn*, 99 Mass. 342 ; *Sabin* v. *Phinney*, 134 N. Y. 423, 428.) Under the guise of a conversation with the defendant, two of the plaintiffs were permitted to give a conversation with the deceased, which conversation is excluded by section 829 of the Code. (Code Civ. Pro. § 829; *Davis* v. *Gallagher*, 124 N. Y. 487.) The motion to non-suit which was denied by the court should have been granted. (Laws of 1877, chap. 74, § 4; Laws of 1883, chap. 175; *Hellenburg* v. *Dist. No.* 1, *I. O. of B. B.*, 94 N. Y. 580, 585; *Bishop* v. *G. L. E. O. of M. A.*, 112 id. 627, 636; *Sabin* v. *G. L. of A. O. U. W.*, 6 N. Y. S. R. 151; *Sabin* v. *Phinney*, 134 N. Y. 423; *Boasburg* v. *Cronan*, 30 N. Y. S. R. 483 ; Bacon on Ben. Soc. § 237.)

*C. L. Stone* for respondents. The agreement upon which this conclusion is based is in no way contrary to public policy, and is in violation of no rule of law. On the contrary, its object was most laudable, namely, the provision by a father for the care of his infant children. The intent of the father will be carried out if possible. (*Silvey* v. *Hodgdon*, 52 Cal. 363.) The fact that the agreement for the disposition of this fund was by parol in no wise invalidates it. When once proved, it is just as binding as though evidenced by the written contract

of the parties. (*In re Carpenter*, 131 N. Y. 86 ; 1 Perry on Trusts [2d ed.], § 86 ; *Day* v. *Roth*, 18 N. Y. 448 ; *Gilman* v. *McArdle*, 99 id. 451 ; *Barry* v. *Lambert*, 98 id. 300 ; *Norton* v. *Mallory*, 63 id. 434.) The fact that the beneficiary received no vested interest in the beneficiary fund until the death of the insured constitutes no reason why the agreement should not be enforced. (*Phippard* v. *Phippard*, 55 Hun, 433 ; *Hagarty* v. *Hagarty*, 9 id. 175 ; *Stover* v. *Eycleshimer*, 3 Keyes, 620 ; *Field* v. *Mayor, etc.*, 6 N. Y. 179 ; *Hall* v. *City of Buffalo*, 1 Keyes, 193.) The admission of the defendant that she was to receive the fund under this agreement and pay it to these plaintiffs, made after the death of John Hirsh and after her interest had become a vested and absolute one, was sufficient to constitute her a trustee. (*Neilly* v. *Neilly*, 23 Hun, 651 ; *Day* v. *Roth*, 18 N. Y. 448.) The testimony of Mary Hirsh that she told her aunt what her father had said to her about the insurance, and that her aunt said that was so, was given for the purpose of proving the admission of the defendant, and for that purpose it is entirely competent. (Code Civ. Pro. § 829 ; *Card* v. *Card*, 39 N. Y. 317 ; *Raynor* v. *Timerson*, 46 Barb. 518.) The exception to the reception of the evidence of Charles Hirsh is not well taken. (*Connelly* v. *O'Connor*, 117 N. Y. 91 ; *Smith* v. *Meaghan*, 28 Hun, 423.)

BARTLETT, J. John Hirsh, deceased, the father of the plaintiffs, was, at the time of his death, a member of the society known as the Ancient Order of United Workmen, and held its certificate of insurance upon his life for $2,000, payable to his sister, Clara Auer.

The plaintiffs are the children of the insured, and sued the beneficiary to recover the $2,000 collected by her on the certificate of insurance upon the ground that she agreed with her brother, John Hirsh, that when she received the money on the policy she would expend not to exceed $500 of it in paying his funeral expenses and for a monument, and would divide the $1,500 equally between his children, the plaintiffs.

Clara Auer, the beneficiary, was living at the time this action was commenced, but died since the trial, and her executor is now defendant.

The cause was tried at the Circuit without a jury and a judgment rendered in favor of plaintiffs for $1,500, interest and costs.

The General Term affirmed the judgment.

Assuming that the evidence introduced by plaintiffs was competent, we cannot say there was legal error in the findings of fact, and the decision of the court below is conclusive as to the facts.

The learned counsel for the defendant has argued with great earnestness and ability several grounds of legal error which he insists must lead to the reversal of this judgment.

The first ground relates to the admissibility of evidence which was most important in its bearing upon plaintiffs' contention that the insurance money to the extent of $1,500 was held by Clara Auer for their benefit.

John Hirsh died February 24th, 1892, and had in his possession at that time the certificate of insurance.

On the 2nd of March following two of the plaintiffs, Mary Ann and her sister Emma, called on their aunt, Clara Auer, the beneficiary named in the certificate, and delivered the same to her.

At the trial Mary Ann was put upon the stand by plaintiffs' counsel, and against the objection and exception of defendant allowed to testify that when she delivered to Clara Auer the certificate of insurance she informed her that John Hirsh, the insured, had told witness that he had an understanding with Clara Auer, when he had the policy made in her name, that when he died she was to pay his funeral expenses and erect a monument over his grave not to exceed $500, and divide the balance equally among the plaintiffs, and that Clara Auer said in reply : " That is right ; that is right, Mamie ; that is right. Your father told me this ; that was the understanding when your father had the policy changed into my name."

Defendant's counsel insists that under the guise of a conversation with the defendant two of the plaintiffs (Emma having sworn to the same transaction) were permitted to give a conversation with the deceased, which was incompetent under section 829 of the Code of Civil Procedure.

We are of opinion that this evidence was competent as tending to prove an admission of Clara Auer against her interest, she being alive at the time of the trial.

This was not an effort on the part of the plaintiffs to show a personal transaction or communication between the witness Mary Ann Hirsh and her father, and consequently section 829 of the Code has no application.

It was competent to prove this admission of the defendant Clara Auer, and in order to do so the entire conversation between the witness and defendant was material as pointing out the nature of the admission.

The only legal effect of this evidence was to prove the admission of the defendant, and it was properly received and considered by the trial judge.

Certain evidence of Charles Hirsh, a son of the insured, was also objected to under section 829 of the Code.

The witness was not so interested as to prevent his testifying; he was not a party and had no present or vested interest in the event of the action. (*Connelly* v. *O'Connor*, 117 N. Y. 91.)

Another alleged ground of error is based upon the proposition that no trust could be impressed upon the proceeds of the insurance by an agreement between the insured and the beneficiary, made prior to the insurance.

We see no legal objection to the agreement made by the insured and the beneficiary in this case.

It in no way interfered with the contract rights of the society issuing the certificate of insurance, nor did it vary the certificate in any manner; the insurance was paid to the beneficiary named and the agreement was in harmony with the objects of the society.

The original certificate was payable to the wife of the insured, and when she died John Hirsh selected his sister to

act as beneficiary and disburse the insurance money in the manner indicated, for the benefit of his infant children.

It was competent for Clara Auer to agree with her brother that she would receive the proceeds of his life insurance, subject to such a trust as he might create. The fact that the insured could have at any time changed the beneficiary named in his certificate has no bearing upon the question as now presented; he did not, as a matter of fact, exercise that right, and his sister collected the insurance impressed with the trust created by the agreement, which the trial court has found was made by the parties in interest.

Trusts may be created in personal property by parol, and no particular form of words is required to accomplish the result. (*Matter of Carpenter*, 131 N. Y. 86, and cases cited.)

The statutes of this state do not define the objects for which trusts in personal property may be created, and if they are not against public policy and do not contravene any existing provisions of law they will be enforced.

The fact that the trust dealt with a contingent interest of the insured in the certificate of insurance is of no moment; that interest became vested at the death of the insured, and the beneficiary having collected the insurance money, the trust under the agreement creating and acknowledging it, attached to the fund.

A trust of this character is not to be distinguished from assignments of contingent interests which courts of equity recognize as valid. *Field* v. *Mayor of New York*, 6 N. Y. 179; *Stover* v. *Eycleshimer*, 3 Keyes, 620.)

Courts of equity will enforce a trust, created by the agreement of a legatee under a will, who takes what appears to be an absolute gift on the face of the instrument. (*Matter of Will of O'Hara*, 95 N. Y. 403, and cases cited.)

The other points and exceptions in the case have been examined, but need not be discussed in detail, as we are satisfied the judgment below was right and should be affirmed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.