## EDGELL et al. v. FELDER.

### (Circuit Court of Appeals, Fifth Circuit. June 23, 1897.)

### No. 613.

**1. PARTIES IN EQUITY.**

In a bill by one member of a partnership to recover salaries and commissions due the partnership, where it is alleged that the other partner refuses to join as a party plaintiff, and has fraudulently conspired with the other defendants to defeat a recovery, such latter partner is a proper and necessary party defendant.

**2. APPEARANCE.**

Parties who enter a special appearance, and thereupon file motions to dismiss the suit for want of jurisdiction and for want of equity, and to discharge a receiver and dissolve a temporary injunction for want of jurisdiction, and because no previous notice was given of the application for the injunction, and it was issued in term time, without requiring complainant to give bond, must be held to have appeared generally in the cause.

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

This was a bill in equity by Thomas J. Felder, a citizen of Georgia, residing in the Southern district thereof, against Alfred N. Hehre, a citizen of New York, George S. Edgell and Austin Corbin, Jr., also citizens of New York, the New England Mortgage Security Company, a citizen of Massachusetts, and five corporations existing under the laws of the kingdom of Great Britain. The defendant George S. Edgell was sued as surviving partner of the firm which was dissolved by the death of Austin Corbin, Sr., and also as co-partner with Austin Corbin, Jr., composing the present partnership doing business as the Corbin Banking Company. The purpose of the suit was to recover compensation for services rendered by the plaintiff individually for the sales and renting of lands under contract from May 1, 1894, to the date of the formation of a partnership between complainant and the defendant Alfred N. Hehre, on or about September 1, 1895; and also for the recovery of complainant's unsettled interest in the earnings of the partnership of Felder & Hehre from September 1, 1895, until the death of Austin Corbin, Sr., June 6, 1896; and also for the recovery of the earnings of Felder and Hehre alleged to be due from the new firm composed of Edgell and Austin Corbin, Jr., from June 6, 1896, to about December 1, 1896. The bill alleged that Alfred N. Hehre was made a defendant because he refused to join as a party plaintiff, and that he fraudulently conspired with the other defendants to defeat the recovery of what was due to the firm of Felder & Hehre. No decree, however, was asked against him. The defendants, being nonresidents of the state, entered a special or limited appearance "for the purpose of making a motion to dissolve the injunction and discharge the receiver appointed in this cause, as well as also to submit a motion for the dismissal of said bill for the want of jurisdiction in the court." The defendants accordingly filed motions to dissolve the injunction, discharge the receiver, and dismiss the bill, setting up that the court was without jurisdiction to hear the cause under the statutes of the United States; that the suit could not be brought in the district of complainant's residence—First, because the defendant Hehre was a real complainant, so far as the recovery sought was for what was due to the firm of Felder & Hehre, and therefore could not be brought in the district where only Felder resided; and, second, because the jurisdiction of the court was not founded "only on the fact that the action is between citizens of different states." It was also set up as a ground for the motions that the bill sought to recover what was due to Thomas J. Felder individually for his services prior to the formation of the partnership of Felder & Hehre, and that Felder had an adequate remedy at law to recover that debt, for which reason the bill was without equity. In the circuit court these motions were denied, and the defendants have appealed.

Webb & Bradshaw, for appellants.

Marion Erwin, for appellee.

Before PARDEE, Circuit Judge, and MAXEY and PARLANGE, District Judges.

PER CURIAM. In the case made by the complainant's bill, Alfred N. Hehre, a citizen of the state of New York, and a member of the co-partnership of Felder & Hehre, is properly and necessarily a party defendant. The said bill shows a controversy within the general jurisdiction of the circuit court for the Southern district of Georgia, the complainant being a citizen of the state of Georgia, residing in the Southern district of said state, and all the defendants being either citizens of other states or aliens, and the matter in dispute exceeding in value the sum of $2,000, exclusive of interest and costs. The appellants herein, having appeared in the circuit court, and entered motions to dismiss the suit for want of jurisdiction ratione personæ, and to dismiss the bill for want of equity, and to dissolve the injunction theretofore issued in the case for want of jurisdiction, and because no previous notice of application therefor was given, and because it was issued in term time, without requiring the complainant to give bond therefor, and that the complainant should execute a bond, in such sum as the court might require to protect the defendants against all damages or losses which might be suffered by reason of granting said injunction, and to withdraw the said injunction because issued prematurely, and to discharge the receiver theretofore appointed in the case, must be held to have entered a general appearance to the bill, and thereby waived any privilege they might have had to object to being sued in the district in which the complainant resides, although, by the terms of the writing actually filed with the clerk, the appearance made was a limited appearance. Considering that the court, under the circumstances, had full jurisdiction of the case made by the bill, the issuance of an injunction was a proper exercise of the sound discretion vested in the chancellor, and the same may be said as to the appointment of a receiver, except that the record shows that a receiver was appointed simultaneously with the filing of the bill, and without notice to the parties whose possession was to be disturbed thereby. Affirmed.