BURNS v. NIAGARA, LOCKPORT & ONTARIO POWER CO. et al.

(Supreme Court, Appellate Division, First Department. June 9, 1911.)

1. TRUSTS (§ 30½*)—AGREEMENTS CREATING TRUSTS—OBLIGATION OF TRUSTEE.

An agreement by a contractor for construction work desiring the assistance of three persons in the enterprise to divide the profits of the contract when received into four parts, and give one part to each of them, creates a trust imposing on the contractor the duty to take steps to obtain possession and distribute the trust fund, and, as he remains in control of the contract, he may make any arrangements to carry it out, but when, under such arrangements, he becomes entitled to receive stocks and bonds of a corporation as his profit, he must take the necessary steps to secure them for the benefit of the three persons, even to the extent of suing therefor.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 41, 41½; Dec. Dig. § 30½.*]

2. TRUSTS (§ 366*)—ENFORCEMENT—PARTIES.

Where a contractor for construction work assumed the position of a trustee to divide with three persons the profits of the contract when realized, and made arrangements whereby he became entitled to receive as his profit stocks and bonds of corporations, and he failed, though requested, to take steps necessary to secure the stocks and bonds for the three persons, an assignee of one of the three persons suing to enforce the trust properly made the contractor a party defendant, instead of a party plaintiff.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 574–583; Dec. Dig. § 366.*]

3. TRUSTS (§ 366*)—ENFORCEMENT—PARTIES.

A contractor for construction work for a power company, desiring the assistance of three persons, agreed to divide the profits of the contract when realized, and to give to each of them one-fourth thereof. Subsequently the contractor assigned his rights in consideration of bonds and stock of the power company. A construction company thereafter acquired by assignment the construction contract, and assumed the agreement to deliver to the contractor the specified bonds and stocks. The transactions between the power company and the construction company resulted in the issue of stock and bonds by the power company, a part of which was delivered to the construction company and a part retained by the power company pursuant to the instructions of the construction company. *Held*, that an assignee of one of the three persons suing to im-

press a trust created by the contractor on the stock and bonds held by the power company or issued to the construction company properly made all the parties to the transaction parties to the suit under the rule that in equitable actions all persons who are or may be materially interested in the subject-matter of the action are proper parties.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 574–583; Dec. Dig. § 366.*]

4. PARTNERSHIP (§ 9*)—JOINT ADVENTURES (§ 1*)—AGREEMENT—CONSTRUCTION.

An agreement by a contractor for construction work, desiring the co-operation of three persons in the enterprise, to divide the profits when realized, and to give to each of them a quarter of the moneys, stock, and bonds realized out of the enterprise, does not make the contractor and the three persons joint adventurers or partners in the enterprise, but the enterprise remains the enterprise of the contractor, and his agreement is merely a promise to pay the three persons for their services, and gives them no interest in the profits as such.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 23, 24; Dec. Dig. § 9;* Joint Adventures, Cent. Dig. § 1; Dec. Dig. § 1.*]

Appeal from Special Term, New York County.

Action by Rilla A. Burns against the Niagara, Lockport & Ontario Power Company and others. From an interlocutory judgment overruling demurrers to the amended complaint, defendants appeal. Affirmed, with leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Fred D. Corey, for appellants.
Frederic R. Kellogg, for respondent.

SCOTT, J.    Appeal from interlocutory judgment overruling demurrers to the amended complaint.

The complaint shows, in brief, that defendant Luther made a contract with the Niagara, Lockport & Ontario Power Company for the construction of a canal from the Niagara river to Lake Ontario for certain considerations not relevant to this appeal; that, in consideration of promises of co-operation on their part, Luther agreed to give to Elmer Z. Burns, Fred D. Corey, and P. F. King each one-quarter of the moneys, stock, and bonds which he (Luther) might realize out of the enterprise; that said Burns, Corey, and King each fully performed the services required of them; that thereafter Luther assigned all his right, title, and interest in the said promotion agreement to Paul L. Brady, John Bogart, and Joseph G. Robin, in consideration whereof said Luther was to receive a certain amount of bonds, and 5 per cent. of the common stock of the power company, including any increase therein; that thereafter the defendant Iroquois Construction Company acquired by assignment the said construction contract, and in consideration therefor assumed the undertakings and obligations of said Brady, Bogart, and Robin, including the agreement of the latter to deliver to Luther the specified amount of bonds and stock. Then follows a somewhat detailed statement of the relations and transactions between the power company and the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

struction company, resulting in the issue of a large amount of stock and bonds by the power company, a part of which, as it is said, has been delivered to the construction company, and a part retained by the power company pursuant to the instructions, and under the control of the construction company. It is alleged that all the stock thus physically withheld by the power company has been paid for and is legally issuable. It is alleged that the contract was assigned and the stock and bonds issued with full knowledge on the part of everyone concerned of the rights of Burns, King, and Corey, and that the stock is not, and has not been, purchasable upon the market, but for certain reasons is of great, unique, and rapidly increasing value. It is claimed that by virtue of the facts set forth in the complaint Elmer Z. Burns, plaintiff's assignor, became the equitable assignee of the defendant Luther to the extent of one-quarter of the bonds and stock which Luther became entitled to receive under his contract with Brady, Bogart, and Robin. There are the usual allegations of lack of legal remedy and demand. The relief demanded is that Luther be declared to be a trustee for plaintiff (as well as Corey and King) to all the rights which Luther acquired under his contract with Brady, Bogart, and Robin, and that plaintiff be declared to be the equitable assignee and owner of one-quarter of the stock and bonds agreed to be delivered to said Luther, and that said Luther be required to make such assignment and do and perform such acts as may be necessary to fully confirm plaintiff in such ownership and entitle her to such possession of the bonds and stock. Appropriate relief is also asked against the several defendants to the end that plaintiff may ultimately receive from the Iroquois Construction Company and the Niagara, Lockport & Ontario Power Company, or one of them, the amount of stock and bonds to which she claims to be entitled, or, failing that, a sum of money representing the value of such stock and bonds. Nearly all of the defendants demur; their grounds being, first, that the complaint does not state facts constituting a cause of action against each of the demurring defendants; second, that causes of action have been improperly united; third, that there is a misjoinder of parties plaintiff, in that the defendants Luther and Corey should have been made plaintiffs.

[1] The theory of the complaint is that Luther, having embarked upon an enterprise out of which he hoped to realize a profit, and wishing the assistance of Burns, Corey, and King, agreed that he would divide his profit when realized into four parts, and give one part to Burns, one part to Corey, and one part to King. This was a valid agreement, and created a trust which equity will enforce. Hirsh v. Auer, 146 N. Y. 13, 40 N. E. 397. Having assumed this trust relation, it became Luther's duty to take all reasonable and proper steps to obtain possession, and make distribution of the trust fund. He still remained in control of the promotion or construction contract, and could make such arrangements as he saw fit to have it carried out; but, when he had made these arrangements and thereunder became entitled to receive stocks and bonds as his profit, he was bound to take such steps as might be necessary to secure them, even to the extent of bringing suit.

[2] The complaint alleges that he has been requested to sue, but he has declined to do so. This justifies the commencement by the plaintiff of the action the trustee should have brought, and furnishes a reason why the latter should be made defendant instead of plaintiff.

[3] In seeking to impress the trust created by Luther upon the stock and bonds still held by the power company, or those already issued to the construction company, it is necessary for the plaintiff to trace the history of the transaction from its beginning to its end, and it is entirely proper to join as defendants all those who have been directly concerned, not necessarily because affirmative relief is asked against all of them, but in order to cut off their equities, if they claim any, and thus establish a clear path to the final relief desired. This is not stating a separate cause of action against each defendant or uniting causes of action in one count. Possibly some of the defendants are not absolutely necessary parties, but any of them may prove to be necessary, and they are therefore all proper parties in accordance with the general rule in equitable actions that all persons who are or may be materially interested in the subject-matter of the action are proper parties, to the end that there may be a complete decree binding upon all. Mawhinney v. Bliss, 124 App. Div. 611, 109 N. Y. Supp. 332, affirmed 194 N. Y. 590, 88 N. E. 1125; Shepard v. Manhattan R. Co., 117 N. Y. 446, 23 N. E. 30; International Paper Company v. Hudson River Co., 92 App. Div. 56, 86 N. Y. Supp. 736. The plea that Luther should have been joined as a party plaintiff has already been referred to.

[4] Corey's demurrer to the effect that he should have been joined as plaintiff rather than as defendant seems to rest upon a mistaken reading of the complaint, in which the pleader was careful to allege that Luther promised to give to each of those whose assistance he invoked one-quarter of what he himself might realize. It is not alleged that he promised to give three-quarters to them collectively. The complaint does not justify the construction that Luther, Burns, Corey, and King became partners or joint adventurers in the enterprise. Its plain reading is that the enterprise remained Luther's, and that what he promised to Burns, Corey, and King was pay for their services, and not profits as partners. We think the demurrers were rightly overruled.

The judgment is therefore affirmed, with costs, with leave to defendants to withdraw their demurrers and answer within 20 days upon payment of costs in this court and the court below. All concur.