(160 App. Div. 490)

### DUCK et al. v. McGRATH et al.

(Supreme Court, Appellate Division, Second Department.    February 6, 1914.)

GUARDIAN AND WARD (§ 182*)—ACTION AGAINST SURETY—PARTIES.

    In an action against a special guardian and the sureties on his bond, the trustee under the will of a deceased surety in possession of a fund arising from his property, the income of which was payable to his widow, was a proper, if not a necessary, party within the general rule in equity actions that all persons who are materially interested in the subject-matter of the action, are proper parties, to the end that there may be a complete decree binding upon all.

    [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 423, 623–636, 638–652, 654–663; Dec. Dig. § 182.*]

Appeal from Special Term, Kings County.

Action by Madeline M. Duck and others against Robert H. McGrath, Brooklyn Trust Company, as trustee, and others. From an order denying plaintiffs' motion for judgment on the pleading, and sustaining the demurrer of defendant trust company, with leave to plaintiffs to amend the complaint, plaintiffs appeal. Order denying motion for judgment reversed, and motion granted, with leave to withdraw demurrer and to answer over.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Edward Hymes, of New York City (Michael Schaap, of New York City, on the brief), for appellants.

Randolph Catlin, of Brooklyn, for respondents.

BURR, J. The sufficiency of the complaint in this action has been considered in Duck v. McGrath (Sarah E. Bergen impleaded) 145 N. Y. Supp. 1033, decided herewith. This action is in equity, and the defendant the Brooklyn Trust Company, which is a trustee under the will of Leffert L. Bergen, deceased, and is in possession of a fund arising from property bequeathed by him to it of the value of more than $200,000, the income of which is now payable to Sarah E. Bergen, his widow, is a proper, if not a necessary, party thereto, within the general rule in equity actions that all persons who are or may be materially interested in the subject-matter of the action are proper parties, to the end that there may be a complete decree, binding upon all. Burns v. Niagara, Lockport & Ontario Power Co., 145 App. Div. 280, 130 N. Y. Supp. 54.

The order denying plaintiffs' motion for judgment on the demurrer of said defendant must be reversed, with $10 costs and disbursements, and the motion for judgment granted, with $10 costs, but with leave to defendant to withdraw said demurrer and to answer over within 10 days after service of a copy of this order, upon payment of said costs.

THOMAS, RICH, and PUTNAM, JJ., concur. JENKS, P. J., not voting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes