CLARK–HERRIN–CAMPBELL CO. v. H. B. CLAFLIN CO. et al.†

(Circuit Court of Appeals, Fifth Circuit. December 17, 1914.)

No. 2700.

**BANKRUPTCY (§ 21\*)—DISTRICT OF PROCEEDING—WAIVER OF OBJECTION.**

In its answer to a petition in involuntary bankruptcy, the defendant objected to the jurisdiction of the court on the ground that it was domiciled in another division of the district; but it also answered to the merits and contested before a referee an application for a receiver, also in an agreement for settlement by which the petitioning creditors agreed to dismiss the proceeding it stipulated to submit the question of liability for costs and attorney's fees to the District Court and abide by its decision. *Held*, that by such acts it entered a general appearance and waived its objection to the jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 24; Dec. Dig. § 21.\*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge.

In the matter of the Clark-Herrin-Campbell Company, alleged bankrupt. On petition by said company against the H. B. Claflin Company and others, petitioning creditors, to superintend and revise an order of the District Court. Affirmed.

The petitioner, Clark-Herrin-Campbell Company, is a Mississippi corporation, located at Clarksdale, in said state. An involuntary petition in bankruptcy was filed against it October 31, 1912, at Oxford, in the Western division of the district. The proceedings in bankruptcy were instituted by creditors in statutory number and amount, alleging insolvency and sundry acts of bankruptcy. The Clark-Herrin-Campbell Company in due course answered the petition and interposed specially the defense that it was "domiciled" and engaged in business at Clarksdale, in the Delta division of said district, and prayed the judgment of the court as to jurisdiction of the defendant in the Western division of said district. Defendant did not, however, limit its defense to the privilege of being sued in the division of the district in which it was an inhabitant, namely, the Delta division, but proceeded with a general denial of all the matters charged, raising issues severally on all the grounds alleged for adjudication, and demanding a jury trial indiscriminately on all the issues raised.

Two days after the filing of the involuntary petition and before the answer of defendants the petitioning creditors made an application on the usual ground of necessity for the appointment of a receiver to take charge of the business and assets of the alleged bankrupt. Upon a certificate of the clerk of the court to the absence from the district or incapacity of the judge, a reference was made to the referee of the Western division, who thereupon appointed a deputy clerk of the United States court as receiver, but upon discovering the irregularity the order of appointment was revoked before there was any interference with the property of the alleged bankrupt. The application for a receiver was finally met by a demurrer or motion to dismiss on substantially the same grounds asserted in the answer to the involuntary petition. Thereupon a hearing proceeded before the referee at Clarksdale, apparently upon the merits of the application for a receiver, consuming 17 days and resulting in a voluminous record of typewritten evidence.

During the progress of the hearing, after the alleged bankrupt had made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied January 5, 1915.

several offers tending to obviate the necessity for a receiver, an agreement was entered into between the petitioning creditors and the alleged bankrupt for the dismissal of the proceedings against the Clark-Herrin-Campbell Company, upon the latter entering into satisfactory obligations securing the payment of the claims of creditors and stipulating that the liability for all court costs, including attorney's fees and stenographer's fees, should be ascertained and determined by the referee, subject to review; "it being expressly agreed that the question of liability for court costs and attorney's fees as between the parties should in no wise be affected by the withdrawal of the application, or prejudice the right of the creditors with reference to the liability of the Clark-Herrin-Campbell Company for costs and attorney's fees, nor the latter's right to contest the liability therefor." Then follows the pertinent paragraph of the agreement: "That should the petitioning creditors last aforesaid dismiss their petition for a receiver, as hereinbefore provided for, in advance of or before said Hon. J. D. Magruder, referee, etc., shall have fixed and determined the questions stated and reserved in clause 'd' hereof, such action on the part of said petitioning creditors last aforesaid is not intended to conclude any of the questions so reserved, nor to affect their right to insist upon the alleged legal liability of said Clark-Herrin-Campbell Company for said expenses, court costs, and attorney's fees, but that the said alleged liability of said Clark-Herrin-Campbell Company therefor shall be determined just as though said petition had not been dismissed, and the same with respect to the right of said Clark-Herrin-Campbell Company to contest and deny any such liability, by said J. D. Magruder, referee, etc., or by Hon. H. C. Niles, Judge, etc., in reaching his or their conclusions, or the conclusions of either of them, with reference to and concerning the said questions aforesaid; that the decision of said Hon. H. C. Niles, judge of the court, as to the liability of said Clark-Herrin-Campbell Company for said expenses, court costs, and attorney's fee, and the amount thereof, shall be conclusive on all parties to the agreement, if the amount of any allowance for attorney's fees (not including expenses and costs) shall not be in excess of $1,000; otherwise the same shall be subject to review or appeal as heretofore stated."

Thereupon the referee made an allowance to the petitioning creditors of one attorney's fee of $1,000, and taxed the costs at $563.40, to be paid by the alleged bankrupt. The defendant carried the findings to the District Court for revision, challenging the jurisdiction of the court on substantially the same grounds advanced in the motion to dismiss and in the answer to the petition. The District Court affirmed the findings of the referee, except for a small portion of the costs, about $41, overruling the objections to the jurisdiction because of the failure of the local authorities to furnish as provided by law suitable accommodations for the court at Clarksdale.

J. W. Cutrer, of Clarksdale, Miss., and William B. Grant, of New Orleans, La., for petitioner.

D. A. Scott, of Clarksdale, Miss., and William C. Dufour, of New Orleans, La., contra.

Before PARDEE and WALKER, Circuit Judges, and SHEPPARD, District Judge.

SHEPPARD, District Judge (after stating the facts as above). The rulings of the District Court are brought here on a petition for revision, and the matter specifically complained of is the overruling of defendant's objection to the maintenance of the suit against it in the Western division of the district, since the defendant was an inhabitant of the Delta division and had seasonably asserted its right to the venue of its domicile as provided in section 53 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [Comp. St. 1913, § 1035]):

"When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides."

Whether the provisos contained in the act creating the Delta division had been so far complied with as to establish the court at Clarksdale for the issuance and return of process for that division, in the view we take of the record, it is unnecessary to determine. It appears that the defendant did not content itself with objecting to the jurisdiction of the court, or stand on its alleged right to be sued in the division of its residence, but pleaded generally to the merits of the petition. Besides denying that it was indebted to petitioners, it went on to traverse the allegations of insolvency and the acts of bankruptcy charged against it. Clearly, therefore, its pleading was not to raise the question of jurisdiction alone, but also that of the merits of the case.

The proposition is so well settled by both federal and state authority that it is hardly necessary to do more than refer to one of the more recent statements of the law by the Supreme Court in Big Vein Coal Co. v. Read, 229 U. S. 38, 33 Sup. Ct. 696, 57 L. Ed. 1053:

"It is the settled practice in the federal courts that an appearance may be made for the sole purpose of raising jurisdictional questions, without thereby submitting to the jurisdiction of the court over the action. Goldey v. Morning News, 156 U. S. 518 [15 Sup. Ct. 559, 39 L. Ed. 517]; Shaw v. Quincy Mining Co., 145 U. S. 444 [12 Sup. Ct. 935, 36 L. Ed. 768]. It is true that where the defendant appears by motion and objects to the jurisdiction, and also submits a question going to the merits of the action, it being one of which the court had jurisdiction, there is a general appearance in the case which gives jurisdiction, as in St. Louis, etc., Ry. Co. v. McBride, 141 U. S. 127 [11 Sup. Ct. 982, 35 L. Ed. 659], where a demurrer was interposed, raising two grounds of jurisdiction and the third going to the merits of the cause of action, it was held that there had been a submission to the jurisdiction of the court. See, also, Western Loan Co. v. Butte & Boston Mining Co., 210 U. S. 368 [28 Sup. Ct. 720, 52 L. Ed. 1101]."

The record in this case discloses, moreover, that the defendant after pleading to the merits, went to trial on the issues made by the traverse to the petition for the appointment of a receiver, and it was held by this court in Edgell et al. v. Felder, 84 Fed. 69, 28 C. C. A. 382, that an appearance declared to be special may amount in law to a general appearance and where the party pursues a course inconsistent with a special appearance it is equivalent to a waiver of all privileges and benefits the party might have had through an objection to the venue. The right to insist upon suit only in the district is a personal privilege, which a defendant may waive, and he does waive it by pleading to the merits.

If the case is one of which the court could take jurisdiction, such a pleading, notwithstanding any reservation therein to the pleader, waives all special or personal privileges of the defendant in respect to the particular court in which the suit is brought. St. Louis, etc., Ry. Co. v. McBride, 141 U. S. 130, 11 Sup. Ct. 982, 35 L. Ed. 659. If the court had jurisdiction by reason of the waiver, as we have seen, it had authority, of course, to adjudicate the questions of al-

lowance of attorney's fees and costs. Apart from the question that the defendant has precluded itself by pleading to the merits, it appears by paragraph "g" of its voluntary stipulation to have agreed to abide the decision of the District Court as to the question of liability for costs and amount thereof. If there had been no waiver evidenced by the record of the objection to the jurisdiction, it would be difficult to construe the effect of this agreement other than unqualified submission to the jurisdiction.

Power to award costs to the prevailing party, if it were not given by the Bankruptcy Act, is inherent in courts of equity. It is true the defendant was not adjudicated a bankrupt; it may have been that it preferred the settlement agreed upon, than to take chances on the result of a trial.

We see no abuse of the discretion vested in the court as to the allowance of costs, in the circumstances of this case. The petition will therefore be dismissed, and the findings of the court below affirmed.