## CHRISTENSEN v. CHRISTENSEN et al.

(District Court, S. D. New York. July 22, 1926.)

**1. Courts ⊂⊃276.**

Bringing of suit in wrong district is cured by general appearance of defendants.

**2. Appearance ⊂⊃9(4)—Courts ⊂⊃276.**

Demurrer on ground of lack of jurisdiction of person, accompanied by general demurrer to sufficiency of complaint, amounts to general appearance, and waives objection that complainant sues in wrong district.

**3. Army and navy ⊂⊃51½, New, vol. 12A Key-No. Series—Complaint in action against government and beneficiary named in war risk insurance certificate, alleging individual defendant held proceeds of certificate under oral trust, one-half for plaintiff held good as against motion to dismiss (World War Veterans' Act 1924, §§ 19, 300 [Comp. St. §§ 9127½—19, 9127½—300]).**

Complaint in action under World War Veterans' Act 1924, § 19 (Comp. St. § 9127½—19), against the United States and beneficiary named in war risk insurance certificate, alleging that plaintiff, deceased insured, and individual defendant were brothers, that individual defendant was named beneficiary in certificates taken out by plaintiff and deceased on his oral declaration

that he did receive proceeds payable under such certificates for the benefit of himself and whichever of his brothers survived, *held* sufficient as against motion to dismiss; complainant being within permitted class of beneficiaries under section 300 (Comp. St. § 9127½—300).

**4. Army and navy ⬅51½, New, vol. 12A Key-No. Series.**

Assignment of rights to war veterans' insurance would be invalid.

**5. Trusts ⬅17, 18(1).**

An oral trust is valid under general principles of law.

**6. Army and navy ⬅51½, New, vol. 12A Key-No. Series.**

Nothing in World War Veterans' Act 1924 (Comp. St. § 9127½—1 et seq.), forbids an oral trust in proceeds of insurance certificate in favor of one within permitted class of beneficiaries under section 300 (Comp. St. § 9127½—300).

In Equity. Suit by Robert Marius Christensen against Carlo Gerhard Waldemar Christensen and the United States. On motion to dismiss complaint. Motion denied.

Falk & Orleans, of New York City (Ilo Orleans and Adolph Kaufman, both of New York City, of counsel), for complainant.

Lind & Marks, of New York City, for defendant Carlo Gerhard Waldemar Christensen.

AUGUSTUS N. HAND, District Judge. This is a suit brought under section 19 of the World War Veterans' Act of June 7, 1924 (Comp. St. § 9127½—19). The individual defendant demurs to the bill of complaint, on the ground that it fails to set forth facts sufficient to constitute a cause of action, and that this court has no jurisdiction over the person of the defendant or the subject-matter of the suit.

The complaint alleges that the complainant and his brother George Christensen were soldiers in the United States Army in the late war, and each procured certificates of war risk insurance; that on March 20, 1918, the complainant, his brother George, and their brother Carlo, the defendant, entered into an oral agreement whereby the complainant and George promised to designate the defendant Carlo as beneficiary in the certificates of war risk insurance upon their respective lives, on the promise by the defendant Carlo that he would receive the proceeds payable under such certificates at the death of either of his said brothers for the benefit of himself and whichever of the brothers should survive. The brother George designated Carlo as sole beneficiary in his certificate of insurance, and was thereafter killed in action overseas. On

or about December 18, 1920, the defendant Carlo signed a writing in alleged confirmation of his oral agreement, and declaring that his name was used in the certificate of insurance as beneficiary, both on behalf of himself and the complainant herein, and that moneys owing and becoming due to him were the moneys both of the complainant and himself equally.

[1, 2] The first objection made is that the complainant is suing in the wrong district. That is a question of the proper venue, which is cured by a general appearance. A demurrer on the ground of lack of jurisdiction of the person, when accompanied by a general demurrer because the complaint states no cause of action, amounts to a general appearance, and waives the objection to jurisdiction based on the ground that the complainant sues in the wrong district. Edgell v. Felder, 84 F. 69, 28 C. C. A. 382.

[3] The objection on the merits is twofold: First, that the case does not come within section 19 of the World War Veterans' Act of 1924 (Comp. St. § 9127½—19), the material provisions of which are as follows:

"In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * * All persons having or claiming to have an interest in such insurance may be made parties to such suit. * * *"

The allegation of the complaint that the United States "has failed and refused, and still fails and refuses, to recognize said agreement and/or said declaration of trust as hereinbefore alleged, and has failed and refused to pay over any of the sums of money, or any part thereof, demanded by the complainant, * * *", constitutes a disagreement within the meaning of section 19, supra.

[4] It is true that an assignment of the rights to war veterans' insurance would be invalid. However, complainant comes within the permitted class under section 300 (Comp. St. § 9127½—300), which provides that "the insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle," etc.

[5, 6] An oral trust is alleged to have been created at the time of taking out the insurance. This was valid under general princi-

ples of law (Hirsh v. Auer, 146 N. Y. 13, 40 N. E. 397), and there is nothing in the statute which forbids it in relation to the particular insurance here involved. It amounted to a designation of the complainant as a contingent beneficiary at the time the insurance was taken out. The defendant Carlo Christensen had nothing differing much from a passive or dry trust in one-half of the insurance. His duty was but to receive and pay over the insurance moneys. It might not unreasonably be contended that such an arrangement made him a mere dummy, and vested in the complainant ab initio the legal title to the undivided half of the chose in action in which the latter has an interest. At any rate, the United States very likely feared that this might be so, and declined to recognize any one except the nominal beneficiary. The case of United States v. Napoleon (C. C. A.) 296 F. 811, tends to support the validity of complainant's claim, though there was a testamentary designation of beneficiaries expressly allowed by the act.

The written instrument setting forth the trust amounts to no more than an acknowledgment of the prior oral agreement, and for the purpose of this action is merely evidentiary.

The motion to dismiss the complaint is denied, with leave to answer within 20 days.