## In re MILLER'S DRESSES, Inc.
### No. 661.

District Court, N. D. Texas, Wichita Falls Division.

Oct. 15, 1932.

Stinson, Hair, Brooks & Duke, of Abilene, Tex., for the review.

John Davenport and Milburn E. Nutt, both of Wichita Falls, Tex., opposed.

ATWELL, District Judge.

On the 1st day of July, 1932, an involuntary petition was filed against the bankrupt. On July 9th, the bankrupt admitted bankruptcy, and attached its schedules. On July 14th the case was referred by the clerk to the referee under the standing rules. On the 15th of July the referee adjudicated and appointed a receiver. August 5th was set as the date for the first meeting of creditors, and each creditor was given notice. On August 1st the creditor Alexander, listed in the schedules, I assume, but who has not filed any claim, presented a motion asking that the cause be dismissed, or in the alternative that it be referred to the referee of the Abilene division. This plea to the jurisdiction was finally disposed of by the referee overruling the same, and to that action this certificate was brought.

The Northern District of Texas has seven divisions. Two of the divisions are at Wichita Falls and Abilene. The bankrupt was a corporation with the right to carry on its business, where it did carry it on, at Abilene, or at such other point in the state of Texas as it might choose by appropriate vote of its officers. It carried on its business for more than six months at Abilene. About thirty days before the petition was filed against it at Wichita Falls, and before it admitted bankruptcy, its stockholders decided to move its business from Abilene to Wichita Falls. A large part of its property was in fact moved from Abilene to Wichita Falls in pursuance to such action.

Was there a valid adjudication at Wichita Falls?

The jurisdiction of the United States District Court and its bankruptcy auxiliaries to adjudicate is fixed so that it may act only for those, or against those, who "have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months or the greater portion thereof." (11 USCA § 11). Venue is quite different from jurisdiction. Venue may be waived, but jurisdiction is vital.

Concededly, the bankrupt did not have its principal place of business, nor did it reside, nor did it have its domicile, within the Wichita Falls division of the Northern Dis-

triet of Texas for six months, nor the greater portion thereof, prior to its entry into court. Were it the only interested party, its action in filing its schedules and submitting to the jurisdiction at the Wichita Falls division instead of the Abilene division would be sufficient and binding.

But there are other vital parties to the bankruptcy proceedings beside the bankrupt. Important, indeed, is the creditor. The creditor has the right to have the estate of his debtor administered in a court, or in the court which has jurisdiction under the law for such purpose.

In so far as creditor Alexander is concerned, he had a right to assume that, if and when bankruptcy proceedings were taken, they would be had at the Abilene division in accordance with the terms and provisions of the law. When he discovered that they were being taken in another division of the district, he filed his objection. He made no such other entry into court as would waive this objection, unless his plea to "dismiss or transfer to Abilene" may be such.

That the court has authority, after a valid adjudication, to transfer the proceedings from one division to another for the convenience of parties, or for any other cause that to him may appear sufficient, section 22, now section 45, 11 USCA, is beside the question. The first step in all legal journeys by a court is the power—the jurisdiction—to do what is done, or what is being asked to be done. In re Lemen (D. C.) 208 F. 80.

The case of Clark-Herrin-Campbell Company v. Claflin Company, 218 F. 429, by the Circuit Court of Appeals for the Fifth Circuit, is not in point. In that opinion the court, speaking through District Judge Sheppard, made it clear that the objection to the venue had been waived by seeking other relief at the same time.

To hold otherwise than I am here holding would be to obliterate the division lines of a district. It would work confusion in the minds of potential or actual creditors. Neither debtors nor the bar nor the people would know where a suit might be filed, nor would they know where it must be filed.

It is always a safe rule to step within the marks of the written law; then all men avoid confusion and uncertainty.

It has already been noted, however, that the plea filed by creditor Alexander on August 1st, doubtless after the receipt of the notice calling the meeting of the creditors for August 5th, was not exclusively a plea to the jurisdiction. It was a motion to dismiss on the ground that there was no jurisdiction, plus an application, in the alternative, to transfer to the Abilene division. That pleading remained unacted upon, and the creditor allowed the cause to drag its way through the usual course of procedure which included the calling of meetings and the appointment of a receiver, and the active winding up in accordance with the law, of the estate.

This is urged as a waiver. The decision in 218 F. 429, supra, is presented as pointing the way for the action taken by the referee. The court views the facts of that case as being quite different. There was a plea to the jurisdiction there, coupled with an answer on the merits, and a standing by, not to say participation, in the subsequent steps of the administration of the estate. Nothing of that sort is apparent here. The creditor stood on his plea to the jurisdiction, or in the alternative to transfer. There are none of the outcroppings of a desire to submit any other matter to the arbitrament of the officer in the Wichita Falls division. There was no participation in any of the proceedings. The time that has elapsed since the filing of the plea may not even be held against the creditor.

Again, it is suggested that, since Abilene and Wichita Falls are merely divisions of the same district, there was a concurrent jurisdiction in each division. The mere statement of such a contention contains the answer. There is no fight between courts here. There is no controversy between two courts of concurrent jurisdiction, into which may enter the thought of the possession of the res. This court in the Abilene division—and there only—had jurisdiction to hear and determine this action. It could not be brought in any other division over the protest of any interested party.

When the creditor's pleading to the jurisdiction was filed, it was the duty of those who wished to go forward, whether officers or others, to examine their position. When they proceeded in the face of the exact provision of the law, they did so at their peril. It may work some inconvenience to those who are satisfied with the Wichita Falls division to have these proceedings dismissed, but inconvenience cannot very well be considered as displacing the plain provisions of the rule under which we work.

For the failure of the referee to dismiss the petition as prayed, his action is reversed. An order may be drawn accordingly.