In the Matter of the Estate of Sophia M. Kyte, Deceased.

Surrogate's Court, Erie County, September 5, 1940.

*Alfred H. Schwartz*, for the petitioner.

*Henry A. Constantine*, for the executor.

VANDERMEULEN, S. Sophia M. Kyte died March 22, 1940. During the early part of her lifetime she caused to be issued to her an insurance policy of the Ladies Catholic Benevolent Association, naming Helen Jourdain, her sister, as beneficiary. After her marriage she named her husband beneficiary. Subsequently they adopted John F. Kyte and Helen J. Kyte, the former being still an infant, and upon the death of her husband in 1935 the deceased named Helen Jourdain as beneficiary.

It is claimed by the children that she was named therein under an express oral agreement that the proceeds of the policy would be used for the burial expense of the decedent. This court believes the facts establish such an agreement.

Having so found, the question now presented is whether or not such an agreement is void and unenforcible under section 31 of the Personal Property Law, as amended by chapter 616 of the Laws of 1933, which added subdivision 8. This section now provides:

" Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: * * *

" 8. Is a contract to establish a trust."

In *Hirsh* v. *Auer* (146 N. Y. 13), a case quite similar to this, the court in affirming a judgment in favor of the children said (at p. 19):

" Trusts may be created in personal property by parol, and no particular form of words is required to accomplish the result. (*Matter of Carpenter*, 131 N. Y. 86, and cases cited.) * * *

" The fact that the trust dealt with a contingent interest of the insured in the certificate of insurance is of no moment; that interest became vested at the death of the insured, and the beneficiary having collected the insurance money, the trust under the agreement creating and acknowledging it, attached to the fund."

In volume 1 of Bogert's Trusts and Trustees, published in 1935 after the amendment of section 31 of the Personal Property Law, it is said (p. 412): " It has been shown elsewhere that the interest of the beneficiary of an insurance policy is a satisfactory *res* for a trust. If the insured is himself the beneficiary, he may orally or in writing declare a trust of his interest, without delivery of the policy or change of the policy or notice to the company. If another than the insured is the beneficiary, he may become a trustee by his own mere declaration, or by agreement between himself and the insured, without more." *Hirsh* v. *Auer* is cited under the last sentence of this quotation.

It is the opinion of this court that subdivision 8 of section 31 aforesaid, does not change the rule heretofore laid down.

Section 242 of the Real Property Law has always prohibited the creation of an oral trust in real estate. A similar section is not found in the Personal Property Law respecting oral trusts in personal property. It is noticeable that at the same time the Legislature added subdivision 8 to section 31 of the Personal Property Law, it also added section 259-a to the Real Property Law, declaring void a contract to establish a trust in real property, unless the agreement or some note or memorandum was in writing. It would, therefore, appear that the Legislature recognized the distinction between a contract to establish a trust and a parol trust. It is easily conceivable why the creation of an oral trust in real property should be in writing. If it was the intention of the Legislature to place oral trusts in personal property in the same category as oral trusts in real property, it could easily have done so by appropriate language.

It might be well to point out that even in the case of real property, equity has intervened when the Statute of Frauds prevented recovery on a trust and enforced an implied or constructive trust despite the Statute of Frauds, to prevent unjust enrichment under cover of confidential relationship.

This court, therefore, is of the opinion that the proceeds of the insurance policy in question are not the property of Helen Jourdain but should be applied in the payment of deceased's funeral bill.