## In the Matter of the Estate of JOSEPH R. SCHULMAN, Deceased.

Surrogate's Court, Kings County, June 11, 1947.

*George Rosling* and *Frank T. Kleiger* for Tillie Schulman, petitioner.

*Edward A. Vosseler* and *Noah Seedman* for William Schulman, respondent.

McGAREY, S.   This discovery proceeding instituted against decedent's brother, William, involves the ownership and right to possession of a savings bankbook and the moneys represented thereby.   The respondent appeared in response to an order to

show cause issued pursuant to section 205 of the Surrogate's Court Act, filed no answer, but submitted to examination as required by section 206 of the Surrogate's Court Act. After the conclusion of his examination respondent filed and served an answer claiming title to and right to possession of the bankbook, and the issue was brought on for a hearing on the merits before the court.

At the outset of the hearing, respondent offered in evidence a transcript of his examination. The petitioner objected on the ground that it appears therefrom that his testimony relates to personal communications or transactions with decedent with respect to said bankbook, and therefore, incompetent under section 347 of the Civil Practice Act. The respondent urges that since the testimony of the respondent was elicited by the petitioner, she waived all objections under the section and hence the transcript is admissible.

The objection must be sustained. Section 347 of the Civil Practice Act does not apply to the examination of a respondent taken during the inquisitorial stage of the proceeding and for that reason the transcript is inadmissible. It would be otherwise if it were offered in evidence by the petitioner or by the respondent without objection of the petitioner (*de Laurent* v. *Townsend*, 243 N. Y. 130, 133).

The difficulty experienced with respect to the applicability of section 347 of the Civil Practice Act to testimony taken on the inquisition or preliminary examination in a discovery proceeding is occasioned by the various amendments of the statute in question made prior to such changes. Prior to September 1, 1914, the power of the surrogate to hear and determine issues of title or right to possession of property depended on the consent of the parties. (Code Civ. Pro., § 2710.) He had no such power without their consent. But if an issue of title was not raised, the surrogate had power to examine the respondent " fully and at large " respecting his possesion of decedent's property (Code Civ. Pro., § 2709).

Section 2709 of the Code of Civil Procedure contained a clause which provided: " If the witness is examined concerning any personal communication or transaction between himself and the decedent, all objection under section eight hundred twenty-nine to his testimony as to the same in future litigation is waived."

By chapter 443 of Laws of 1914, effective September 1, 1914, the provisions of sections 2707, 2708, 2709 and 2710 of the Code, which until then had governed discovery proceedings in the

Surrogate's Court, were revised and reduced to two sections, namely, 2675 and 2676. Two material changes were thereby effected, to wit: (1) all reference to section 829 of the Code was omitted; and (2) the power of the surrogate to determine issues of title or right to possession of decedent's property was made absolute, the provision requiring the consent of the parties being eliminated. The revision made by chapter 928 of the Laws of 1920, effective April 15, 1921, carried sections 2675 and 2676 of the Code into the new Surrogate's Court Act as sections 205 and 206, respectively, of that Act. Subsequent amendments have extended the scope of the Surrogate's jurisdiction.

Analysis of sections 205 and 206 of the Surrogate's Court Act, formerly sections 2675 and 2676 of the Code of Civil Procedure, reveals that a discovery proceeding consists of two stages (*Matter of Heinze,* 224 N. Y. 1). The first is the inquisitorial stage in which section 347 of the Civil Practice Act does not apply; and the second is the hearing on the merits in which it applies. Section 206 of the Surrogate's Court Act does not clearly define the end of the first and the beginning of the second stage. Its language, however, seems to indicate that an issue which requires a determination on the merits has not been joined unless the respondent has interposed an answer, or on the examination has asserted a claim of title or right to possession of the property involved in the inquiry. Therefore, until the issue has been so joined, the matter proceeds as an inquiry preliminary to the trial on the merits. The same conclusion was reached in *Matter of Bodker* (N. Y. L. J., July 11, 1945, p. 63, col. 7) where the facts were similar to those under consideration. The Surrogate sustained the objection, cited *Matter of Van Valkenburgh* (254 N. Y. 139) and said: " Respondent had not been examined *on the trial* by petitioner. The trial issue was formulated by his answer served *after* his examination was concluded. Prior to that date the inquiries put to him were no different in substance than the inquiries preliminary to trial made in the cited case." (Emphasis in original.) (See *Matter of Comfort,* 234 App. Div. 19 and authorities reviewed; *Matter of Crook,* 190 N. Y. S. 285; 3 Warren's Heaton on Surrogates' Courts [6th ed.], § 236, par. 4, subd. [b]; § 236, par. 12, subd. [b].)

The protection afforded by section 347 of the Civil Practice Act is not waived until the testimony so taken under the inquisitorial phase of the proceeding is offered in evidence on the trial of the issue of title, or is used as a basis for the determination of title. (See *Matter of Van Volkenburgh, supra; Bambauer* **v.**

*Schleider,* 176 App. Div. 562, 565; *Farmers' Loan & Trust Co.* v. *Wagstaff,* 194 App. Div. 757.)

Sections 205 and 206 of the Surrogate's Court Act afford a summary remedy to an estate fiduciary to seek and reduce to possession property of his decedent. Such fiduciary should not be unduly hampered in such effort nor should he be forced to jeopardize his protection under section 347 of the Civil Practice Act.

The elimination of the provision in old section 2709 of the Code of Civil Procedure, that an examination of a person in discovery proceedings constitutes a waiver of the protection of old section 829 of the Code of Civil Procedure (now Civ. Prac. Act, § 347), is indicative of legislative intent that such examination may thereafter be conducted without risking the loss of the protection of the beneficent provisions of section 347 of the Civil Practice Act (formerly Code Civ. Pro., § 829.)

The testimony adduced on the hearing convincingly establishes that respondent's mother, Ida Schulman, was solicitous of the well-being of the respondent and intended to provide for him by the moneys in the account represented by the savings bankbook herein involved. The account had been opened in her name. In 1939, she caused it to be changed by adding the name of her son, Joseph, decedent herein, as a true joint account, on his promise that the funds therein would be used for the benefit of respondent if anything should happen to her and decedent herein should survive. The provisions of section 239 of the Banking Law apply and on Ida Schulman's death, the account, by reason of the provisions of that section, passed to the joint tenant, decedent herein. However, the record contains uncontradicted, clear and convincing testimony of admissions by decedent, after his mother's death, that he was holding the account for respondent's benefit pursuant to his mother's direction. A constructive trust for the benefit of respondent resulted (*Hirsh* v. *Auer,* 146 N. Y. 13; *Blanco* v. *Velez,* 295 N. Y. 224; *Matter of Kyte,* 174 Misc. 1094.)

The court finds on all the evidence that the moneys in the account were held by Joseph Schulman, decedent herein, after his mother's death for the benefit of respondent and that such moneys are the property of respondent. The administratrix will, therefore, be directed to assign to respondent the moneys represented by the account in question and execute and deliver to him whatever papers or documents may be necessary to perfect his title thereto.

**Proceed accordingly.**