Inez M. GORMAN, Plaintiff,

v.

Earl L. ALCORN and Della B. Alcorn, Defendants.

Civ. 3–715.

United States District Court
S. D. Iowa, Central Division.

Dec. 20, 1956.

D. J. Goode, Des Moines, Iowa, for plaintiff.

Waldo M. Wissler, Davenport, Iowa, for defendants.

REEVES, District Judge.

This is an action to recover proceeds of insurance and other benefits upon an oral contract. As an inducement, for a consideration, and as to reason why said oral contract was entered into, plaintiff

alleges various and sundry relationships to Maurice L. Little, the insured in said several contracts of insurance, and otherwise. The gist of the action is based upon the following averments:

"That in accordance with these statements the deceased, Maurice L. Little, entered into an oral contract and agreement with the defendants, Earl L. Alcorn and Della B. Alcorn, and each of them, whereby they had been named as beneficiaries of two life insurance policies, one in the amount of two thousand dollars ($2,000.00) and one in the amount of five thousand dollars ($5,000.00), and in addition thereto had been named as beneficiaries to receive from the Railroad Retirement Board the amount in excess of sixteen thousand dollars ($16,000.00) that the deceased, Maurice L. Little, had deposited as a result of his employment by the St. Louis, San Francisco Railway Company, and that in accordance with said oral contract, the beneficiaries, the defendants herein named, were to collect the proceeds from the said policies, and, after the payment of his funeral expenses, they were each to deduct five hundred dollars ($500.00) apiece for their services in this connection and to pay the balance then remaining to Inez M. Gorman, this plaintiff. That said oral agreement was entered into between Maurice L. Little, the deceased, and Earl L. Alcorn and Della B. Alcorn, the defendants herein, for the sole and express purpose of alleviating Inez M. Gorman from the trouble and burdens incident to the collection of said proceeds and the payment of his debts."

There are further averments which show that Maurice L. Little died at Oak Park, Chicago, Illinois, on July 30, 1955, and that the benefits accruing upon his death were collected by the defendants, but that they have refused to pay over the proceeds as contemplated and provided by the alleged oral contract.

■ A case very similar in its facts was that of Christensen v. Christensen, D.C., 14 F.2d 475. This case was decided by able Augustus N. Hand when he was a district judge in the Southern District of New York. He aptly and tersely epitomized the rule, 14 F.2d loc. cit. 476, as follows:

"An oral trust is alleged to have been created at the time of taking out the insurance. *This was valid under general principles of law* (Hirsh v. Auer, 146 N.Y. 13, 40 N.E. 397), *and there is nothing in the statute which forbids it in relation to the particular insurance here involved.* [Emphasis supplied.] It amounted to a designation of the complainant as a contingent beneficiary * * *. The defendant Carlo Christensen had nothing differing much from a passive or dry trust in one-half of the insurance. His duty was but to receive and pay over the insurance moneys. It might not unreasonably be contended that such an arrangement made him a mere dummy, and vested in the complainant ab initio the legal title to the undivided half of the chose in action in which the latter has an interest."

Adverting to Hirsh v. Auer, supra, it will be noted that the Court of Appeals of the State of New York, 40 N.E. loc. cit. 398, sustained a parol agreement and on a similar state of facts said:

"A trust of this character is not to be distinguished from assignments of contingent interests, which courts of equity recognize as valid. * * * Courts of equity will enforce a trust, created by the agreement of a legatee under a will, who takes what appears to be an absolute gift on the face of the instrument."

■ It is fundamental that express trusts may be created and established in personal property by parol. 89 C.J.S., Trusts, § 35, p. 760, relating to the general subject of Trusts.

■ Moreover, it is in like manner fundamental that the proceeds of insur-

ance may be conferred or excluded by agreement. 46 C.J.S., Insurance, § 1168, p. 49, under the general subject of Insurance.

The above answers the motion to dismiss as well as the motion to strike. The averments which the defendants challenge by their motion to strike are mere preliminaries to justify or warrant the oral agreement upon which plaintiff bases her action. The motion for a more specific statement has been abandoned.

An examination of the carefully prepared briefs of the parties, and in the light of the above, warrants the court in overruling defendants' motions, and it will be so ordered.