## St. L., I. M. & S. Ry. v. Bone.

RAILROAD COMPANIES : *Liability for loss of goods by fire.*

Where a railway company carries a car-load of goods, under a bill of lading stipulating that it shall not be liable for their loss by fire, and they are destroyed by the burning of the car containing them after it reaches its place of destination, the company cannot be made liable either as common carrier or warehouseman, except by showing that its negligence contributed to the loss.

APPEAL from *Independence* Circuit Court.

R. H. POWELL, Judge.

This was an action to recover damages for the loss of goods destroyed by the burning of a car at the depot of the defendant company.

The complaint alleged that on April 15, 1886, the defendant received and undertook, by its written bill of lading, to transport a car-load of furniture from St. Louis, Missouri, and to deliver the same to the plaintiff, at Batesville, Arkansas.

That a car controlled by defendant was loaded at St. Louis with plaintiff's goods on the 15th of April, 1886, and arrived at Batesville on April 19, about 12:30 o'clock p. m.

That plaintiff in anticipation of the arrival of his goods had engaged wagons and teams to carry them from the car to his storehouse.

That in a short time after the arrival of the car, he paid the freight on the goods, as he was required to do, before the car would be opened to him for the purpose of unloading.

That he had on the day previous to the arrival of the car, requested the defendant's agent in charge of the depot at Batesville, that when said car arrived it should be placed on a side track of the railroad so as to be convenient of access to wagons for receiving the goods, which said agent agreed and promised to do.

That said defendant neglected and refused to comply with its promise, and, in disregard of its obligation as a common carrier, neglected and refused to put said car at a place con-

St. L., I. M. & S. Ry. v. Bone.

venient of access for the purpose of unloading the freight therein, but placed it on a portion of its main track highly inconvenient of access. That the track was obstructed by other cars at either end of the car containing plaintiff's goods, and so remained for some time after his wagons and teams were ready to haul; that after some delay the plaintiff was enabled by the assistance of defendant's employes to remove the car containing his goods alongside the nearest end of the platform attached to defendant's depot; that plaintiff's teamsters then proceeded to remove his goods from the car to the platform, and then to carry them to the wagons, and that they did so as rapidly as possible, "until the darkness of night made a further continuance of the work burdensome and inconvenient;" that a considerable part of the goods were then left in the car which was locked by defendant's employes; that if the car had within a reasonable time after its arrival been placed on a part of the track convenient of access, the plaintiff could and would have removed his goods before night; that during the night (April 19th) the defendant's depot, which was carelessly left unguarded, was destroyed by fire, and the car containing the plaintiff's goods was also destroyed, together with nearly all of the goods it contained; that the danger from fire to which the plaintiff's goods were exposed, was greatly increased by the necessity he was under of pushing the car containing them, to the platform in close proximity to the depot; and that the defendant neglected and refused to afford him usual, reasonable and necessary facilities for unloading and securing his goods.

The bill of lading was in the usual form, and contained these stipulations:

That "neither of said carriers, or either or any of them, or this company, shall be liable for  *  *  *  loss or damage by fire."

"NOTICE.—This contract is accomplished, and the liability of the companies as common carriers thereunder terminated, on the arrival of the goods or property, at the station or depot

of delivery, and the companies will be liable as warehousemen only thereafter."

The answer denied all negligence on defendant's part, but charged that it was plaintiff's own negligence in not removing his goods after they had been delivered to him in time to have prevented the loss by the fire.

The answer further charged that on the arrival of said carload of goods, the freight had immediately been paid by plaintiff, and the goods delivered and received by him, and that by reason of such delivery and receipt, all responsibility on defendant's part had ceased; that from that moment, and when plaintiff left a part of said goods in said car for the night, the defendant was, and became nothing more, than a gratuitous bailee without hire, and was, therefore, in no wise liable except for wilful and wanton negligence; that the defendant was not liable for any loss by fire, and could in no event be held for a greater liability than that of warehouseman.

The answer then denied that the fire was occasioned by any negligence on defendant's part.

The evidence showed that the car containing plaintiff's goods arrived at Batesville about 12:30 p. m on the 19th of April, 1886, and that he immediately paid the freight on it. That the car was moved up to the depot platform about 4 o'clock p. m. That it could not be put there sooner on account of other cars which were being unloaded. That as soon as the car was moved to the platform, the plaintiff commenced unloading and hauling off his goods. That his teamsters worked until dark when their labor was suspended, leaving about half of the goods in the car. The teamster who was hauling the goods testified that he had charge of the car, and closed but did not fasten it. About 3 o'clock a. m. that night, the depot was destroyed by fire, and with it the car containing the plaintiff's goods. There was no evidence tending to show that the fire was caused by the defendant's negligence. There was testimony on the part of the plaintiff which tended to

show that some delay in the work of removing his goods, was caused by the situation of the car; that the work would have proceeded more rapidly if the car had been moved to a place more convenient of access for the purpose of unloading; that the depot agent had promised on the day before the arrival of the car, to have it placed on a part of the track where access to it could have been more conveniently had, and that if left at that point it would not have been exposed to the fire which destroyed the depot. But there was also evidence to show that it was not unusual to unload freight shipped by the car-load, at that depot.

The verdict and judgment were for the plaintiff and the defendant appealed.

*Dodge & Johnson*, for appellant.

1. Defendant was not liable as a carrier, without proof of negligence on its part, or that of its servants. *39 Ark., 523.*

2. Nor as a warehouseman, is it liable for accidental fires. *42 Ark., 200.*

3. Not having a night watchman, was not want of ordinary care. *40 Wisc., 585-8; 44 N. Y., 511; 44 Icwa, 549; 23 Cal., 273.*

4. A bailee without reward is liable only for gross negligence. *23 Ark., 63; 7 Cow., 278; 1 So. Rep., 139; 17 Mass., 499; 40 Vt., 303; 89 Penn. St., 312; 72 id., 477; 60 N. Y., 289.*

See, also, *Schouler Bailm., p. 28, 11; Story on Bailm., sec. 55; 73 Ill., 357; 1 Cal., 348; 17 Mass., 479.*

Under the proof in this case the bailment was ended, and there was no liability. The goods had been delivered, and the duty of the company ended.

*Robert Neill,* for appellee.

1. The loss was directly attributable to defendant's negligence in failing to extend plaintiff reasonable, usual and necessary facilities for securing his goods.

Richmond v. Mississippi Mills.

Railroads cannot exempt themselves by contract from the consequences of their own employes' negligence. *39 Ark., 148 ; 17 Wall., 357 ; Lawson on Car., sec. 132, p. 169.*

2. The second instruction as to *delivery* is supported by authority. *23 How., 28; Hutch. Car., secs. 338, 340, 360 to 369, 376–7;* as also the third and fourth. No. 5 is the law. *17 Wall, 357.*

3. The exemption from responsibility must be reasonable and just. *Hutch. Car., secs. 359 to 369.* There never was a complete delivery. *11 N. Y., quoted in 17 Wall, sup.*

'RAILROAD COMPANIES: Negligence.      PER CURIAM. In no aspect of this case can the plaintiff recover of the defendant, except upon proof of its negligence contributing to the loss. Without proof of negligence the defendant, as a common carrier, is exempt from liability for loss by fire, by the terms of its contract; and as warehouseman it is not liable for loss by accidental fire. *L. R., M. & T. Ry., v. Talbot, 39 Ark., 523 ; L. R. & Ft. S. Ry. v. Hunter, 42 Ark., 200.*

Reverse the judgment and remand the cause for a new trial.