## MASON v. HARKINS.

### Opinion delivered May 6, 1907.

1. TRUST—SUFFICIENCY OF EVIDENCE TO ESTABLISH.—Evidence to establish a resulting trust must be full, clear and convincing. (Page 571.)

2. EVIDENCE—PAROL EVIDENCE TO OVERTURN WRITING.—A written instrument will not be overturned by parol testimony, unless the latter is clear, unequivocal and decisive. (Page 571.)

Appeal from White Chancery Court; *Jesse C. Hart,* Chancellor; reversed.

*Grant Green,* for appellants.

1. The essentials necessary to establish a resulting trust, viz., payment of purchase money by one and conveyance to another, are not shown in this case. Perry on Trusts, § 126; 11 Johns. 91; 27 Ark. 89; 57 Ark. 632; 9 Ark. 518. Clear and convincing proof of these essential facts is necessary and must be made. 2 L. R. A. 146; 29 Ark. 612; 30 Ark. 230; 44 Ark.

365; 48 Ark. 169. Declarations, if made, by D. G. Mason that the land was purchased for plaintiff would not create a trust, unless she paid the purchase money. 50 Ark. 71.

2. Mason might have made any conditions he desired in connection with the gift, and might, in making the deed, have placed any reasonable charge upon the land in possession of the donee not inconsistent with her possession. 20 Cyc. 1210.

*Trimble, Robinson & Trimble,* for appellee.

Where a deed was intended to be considered as delivered, it will not, as between the grantor and grantee, be invalid for want of delivery because of the fact that it remains in the grantor's possession. 64 S. W. 420; 64 Am. Dec. 147; 42 Am. Dec. 439. Where the grantor merely acts as a depository for the grantee, there is a delivery. 52 S. W. 1028.

HILL, C. J. Appellee is the daughter of appellant, D. G. Mason. In 1879 she married a man named Fairless, who deserted her in 1882. She returned to the home of her father at that time, bringing with her one child, Della Fairless. A short time thereafter, another child, Myrtle Fairless, was born to her. She lived with her father until her marriage to Harkins in 1891.

She had some personal property at the time of her return to her father, and some real estate, which was sold by her father for $250. Part of this money was used for her expenses in illness, and a part to obtain a divorce from her husband. There is a conflict as to whether the rest was used by her father as her trustee, or whether it was expended in the maintenance and support of herself and her children. Her brother, J. W. Mason, sold to her father the tract of land in controversy. Her father directed his son to make the deed to Mrs. Fairless, and it was executed by both D. G. and J. W. Mason and their wives. There is a conflict in the evidence as to whether it was made to her in fee simple or whether made to her for life with remainder to her children, Della and Myrtle Fairless. There is a question as to whether the deed was ever delivered, which is not necessary to pass upon.

The acknowledgment to the deed was taken, and Mr. Mason consulted a lawyer in regard to it, and the lawyer advised

him to make another deed, as Mrs. Mason had died since the deed was signed, and, there being no acknowledgment to the deed, he thought it better to have the deed re-drafted and re-executed. Some time thereafter, Mr. Mason called upon the lawyer to draw up the deed, and the deed in question was drawn and executed. It is by Mr. Mason and his son and his son's wife, and is to Mrs Hawkins for life, with remainder over to her children, Della and Myrtle Fairless.

This is an action by Mrs. Harkins to set aside this deed as a cloud upon her title, or that the deed be reformed so as to convey to her a fee simple, as she claims was done in the first deed executed to her, and that Myrtle and Della Fairless be divested of the fee in said lands, and that the same be vested in her. The court sustained the prayer of the complaint. Mr. Mason and those joined with him have appealed.

Plaintiff's attack upon the deed is two-fold:

1. That her father was trustee for her in the purchase of this land. There is some testimony tending to prove that Mr. Mason used the money of his daughter as her trustee in the purchase of the land. But the evidence is totally insufficient to establish a resulting trust. It wholly fails to come up to the full, clear and convincing testimony required in such cases. *Tillar* v. *Henry,* 75 Ark. 446, and authorities therein collected.

2. The other contention of plaintiff is that the first deed was a fee simple deed to her, and the title was vested in her, and this second deed, conveying only a life interest to her and fee to her children, only clouds her title. There is some testimony to sustain this: but the weight of the testimony is against it, both as to numbers of witnesses and the force of their evidence. The attorney who drew the deed in question had seen the other deed, and had given advice concerning it, and is positive in his statements that the deed in question is a substantial copy of the first deed. His testimony has more weight than testimony based upon conversations stating the contents of the first deed to be different from the present one. But, even if the testimony of the appellee was equal in weight to that of appellant upon this proposition, she would fail, because a written instrument will not be overturned by parol testimony unless the

evidence be clear, unequivocal and decisive. See *McGuigan* v. *Gaines,* 71 Ark. 614; *Goerke* v. *Rodgers,* 75 Ark. 72.

Reversed and remanded with directions·to enter a decree dismissing the complaint for want of equity.