COLEGROVE v. COLEGROVE.

Opinion delivered February 1, 1909.

1. FRAUDULENT CONVEYANCE—FRAUD ON MARITAL RIGHTS.—Where a husband procured his wife to join in a deed conveying their homestead

by falsely pretending that he wanted to invest the money received therefor in another home, whereas no consideration therefor was paid, and it was thereafter reconveyed to him for life with remainder to his children, the conveyance was a fraud upon the wife's right to dower and homestead.   (Page 185.)

2.   TRUSTS—PAROL EVIDENCE TO ESTABLISH.—While resulting trusts may be proved by parol, such evidence is received with great caution, and the courts uniformly require that such evidence be full, clear and convincing.   (Page 185.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Miles & Wade,* for appellant.

1.   The property is the sole and absolute property of D. D. Colegrove.   The evidence is not "full, clear and convincing" enough to establish a resulting trust. Bispham, Eq. § § 83, 84.

2.   Marriage is a valuable consideration, and the wife is regarded as a purchaser of all property which accrues to her by virtue of her marital rights.   74 Ind. 560; 32 U. S. 348; 98 Ind. 429.   See, 50 Ark. 42; 62 *Id.* 26.

3.   The fraudulent conveyance by a husband is a fraud on the wife's rights.   49 N. E. 824; 10 Ind. 191; 84 Mo. 68; 134 Ind. 350; Rodgers on Dom. Rel., § 437.

4.   Colegrove had at least an interest to the amount of purchase money paid by him.   In order to create a resulting trust, the purchase money must be paid at the time of the transaction. Rodgers, Dom. Rel. § 195; 29 Ark. 612; 47 Ark. 111; Bisph. Eq. § § 80-81.

5.   A tenant in common has a lien for improvements.   55 Md. 530; 16 A. & E. Enc. L., 111.

6.   Colegrove had a curtesy interest, and it was error to invest the title in the children. Rodgers, Dom. Rel. § 355; 66 Ark. 382.

*Robert Martin,* for appellee.

1.   Colegrove was a trustee.   A widow is not endowed of lands held in trust merely. Kirby's Digest, § 2687; 61 Ark. 527; 30 *Id.* 417.

2.   There was no ante-nuptial contract in writing and recorded.   An oral contract is not sufficient, even if proved.   Kirby's Digest, § § 5163, 5167.

3. As this is not a suit for partition, Colegrove had no lien for purchase money paid or improvements as a co-tenant. Story, Eq. Jur. (12 Ed.), § 655; 21 Ark. 557.

4. Colegrove's homestead rights never attached, and his curtesy must yield to the superior claim of the minors' homestead rights. 47 Ark. 175; 54 *Id.* 9.

HILL, C. J. D. D. Colegrove was twice married. His first wife, Mattie Colegrove, was given a residence in Little Rock by an uncle at the time of her marriage, and the deed thereto was made to her. Several years thereafter she exchanged this property with her stepfather for the property in question, which was also a residence in the city of Little Rock. It was incumbered at the time of the exchange with a mortgage for $500, and Mr. Colegrove borrowed a thousand dollars upon the property from a building and loan association, with which he paid the mortgage and spent the remainder in improving the property.

Mr. Morgan, the stepfather of Mrs. Colegrove, testified that when the property was to be deeded Mr. and Mrs. Colegrove were present, and Mr. Colegrove said that he wanted the property put in his name, because he thought that if his wife should die he would be kicked out of the house by his children; that Mrs. Colegrove told him that she did not want to do it, but that in order to keep down hard feelings she would consent to it, and the deed was then made to D. D. Colegrove.

Mr. Colegrove testified that at the time the deed was prepared no one was present except himself and Mr. Morgan, and that Mr. Morgan asked him to whom he should make it, and he said to make it to him, and that was all that was said upon the subject; that he told his wife of this, and she complained about it being made in his name, and considered and treated it as her property, but took no steps to obtain the title.

Mrs. Colegrove fell into bad health, and in her last sickness, about two years after the property was deeded to her husband, asked her husband to transfer the property to her two children, so that, in case he should ever marry again, the children would be protected. He did not do so, and some years after the death of his first wife he married a second time. His present wife, the plaintiff in this suit, testified that before her marriage she was informed by him and members of his family that he owned the

property. A few years after they were married Mrs. Colegrove asked him to deed the property to her, and he then decided that he would carry out the request of his first wife made on her death-bed to transfer the property to their children and himself.

Mrs. Anna Colegrove, the plaintiff, testified that he told her that he wanted to sell this property and get the money to invest it in Texas in a home; that he could get three thousand dollars for it, and wanted to go to Texas, as he could get better wages there; and that, in order to enable him to do so, she signed the deed with him, conveying the property to his brother-in-law, McDonald, said deed reciting a consideration of three thousand dollars. As a matter of fact, no consideration was paid by McDonald for the property, and shortly after it was conveyed to him he made a deed conveying the property to Mr. Colegrove for life and the remainder to the children of Mr. Colegrove by his first wife. Mr. Colegrove, although a witness, did not dispute the testimony of Mrs. Colegrove as to the representations made to her to induce her to execute the deed to his brother-in-law and the falsity of them; and it was also undisputed that the conveyance to McDonald and from him to Colegrove and the children was without consideration and for the sole purpose of transferring the title.

Mrs. Colegrove brought this suit to set aside the conveyance made by her husband and herself to Mr. McDonald, and the conveyance of Mr. McDonald to Mr. Colegrove and the Colegrove children. The chancellor cancelled these two conveyances, and held that the Colegrove children were the owners of the property, having inherited the same from their mother, and decreed that the legal title be invested in them; and Mrs. Colegrove has appealed.

It is clear, under the undisputed testimony, that the conveyance of Colegrove in which his wife joined, releasing dower and homestead rights to McDonald, was a fraud upon her marital rights to homestead and dower in the property; and the only question of moment in the case is whether the evidence establishes a resulting trust in Colegrove when he took the deed to the property in his name, instead of in the name of his first wife, from whom the principal part of the consideration for it was derived.

In *Tillar* v. *Henry,* 75 Ark. 446, the court said: "Construc-

tive trusts may be proved by parol, but parol evidence is received with great caution, and the courts uniformly require the evidence to establish such trusts to be clear and satisfactory. Sometimes it is expressed that the 'evidence offered for this purpose must be of so positive a character as to leave no doubt of the fact,' and sometimes it is expressed as requiring the evidence to be 'full, clear and convincing' and sometimes expressed as requiring it to be 'clearly established.' *Crittenden* v. *Woodruff,* 11 Ark. 82; *Trapnall* v. *Brown,* 19 Ark. 39; *Johnson* v. *Richardson,* 44 Ark. 365; *Richardson* v. *Taylor,* 45 Ark. 472; *Robinson* v. *Robinson,* 45 Ark. 481; *Crow* v. *Watkins,* 48 Ark. 169; *Camden* v. *Bennett,* 64 Ark. 115; 1 Perry on Trusts, § 137."

The court in the same case further said: "Title to real estate can not be overturned by a bare preponderance of oral testimony seeking to establish a trust in opposition to written instruments. The conservatism of the courts has prevented the tenure of realty being based on such shifting sands."

If the testimony of Morgan be taken as true, the conveyance to Colegrove by his wife was a gift—it may be a reluctant gift, but still it was a gift, as she directed that the deed be made to her husband, and there is no evidence of fraud, coercion or undue influence inducing her to direct that it be made to him. The testimony of Colegrove might make out a trust, if taken alone; but it is weakened by his interest in this litigation, which is antagonistic to that of his present wife, and by the further fact that his first wife consented to the title remaining in his name for two years with full knowledge of it, and upon her deathbed recognized that it was his property by asking him to make a transfer of it to her children. Taking the evidence as a whole, it fails to meet the requirements of equity jurisprudence as to the quantum of evidence necessary to prove a resulting trust by parol against a written instrument.

The decree of the chancellor in cancelling the deed of Mr. and Mrs. Colegrove to McDonald, and the deed of McDonald and wife to Colegrove and the Colegrove children, is affirmed. But the decree, in so far as it invests the title in the Colegrove children, is reversed. The cause is remanded with directions to enter a decree in conformity herewith.