SCOGIN *v.* SCOGIN.

Opinion delivered April 9, 1928.

1. TRUSTS—PAROL EVIDENCE.—Under Crawford & Moses' Dig., § 1497, providing that all deeds shall be construed to convey a complete estate of inheritance in fee simple, unless expressly limited by appropriate words in such deeds, a deed absolute on its face cannot be shown by parol testimony to have been in trust for the benefit of the grantor, in the absence of fraud, accident, or mistake or of a fiduciary relation existing between the parties.

2. TRUSTS—EXECUTION OF DEED UNDER MISTAKE OF LAW.—Where a deed executed by husband and wife was absolute on its face, the wife claiming to be the owner of property, and that she executed the deed to satisfy the fears of the grantees that they might outlive her, and through the mistaken belief that the property would be hers, notwithstanding the deed, because of her husband's representations, the wife could not establish a resulting trust in the property, unless the testimony in support of a mistake of law was clear, unequivocal and convincing.

Appeal from Bradley Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*B. L. Beasley,* for appellant.

*DuVal L. Purkins,* for appellee.

McHANEY, J.   Appellants are the collateral heirs of Josiah H. Scogin, who died intestate and without issue, in Warren, Arkansas, and appellee is the widow of James H. Scogin, a brother of Josiah Scogin.

On March 1, 1909, Josiah H. Scogin purchased the land in controversy from C. S. Thompson, and took the title thereto in the name of his brother, James H. Scogin. It is contended by appellants that Josiah borrowed $200 from his brother, James, and had the deed made to him as security therefor. The consideration recited in the deed is $200. It is the contention of appellee that she furnished the money with which to buy the land and build the house, in the sum of $1,100, and that the title was taken in the name of her husband because of this fact; that, having furnished all the money that went into the property, her husband held the naked legal title thereto in trust for her. On August 10, 1917, appellee and her

husband, James H. Scogin, executed and delivered to Josiah H. Scogin their warranty deed, conveying said land to him, which recited a consideration of $200 cash in hand paid by Josiah H. Scogin. Josiah and his sister, Mrs. Mary Martin, lived together in Warren, and occupied the house and premises in controversy up to the death of Josiah, which occurred in 1923.

Appellants contend that this latter deed is corroborative of their contention that Josiah had borrowed $200 from his brother, James, had paid it back, and that the deed of August 10, 1917, was executed because such indebtedness had been paid. On the other hand, appellee contends that this deed was wholly without consideration, and executed by her and her husband at the earnest solicitation of Mrs. Mary Martin, who feared that appellee and her husband might predecease herself and brother Josiah, and that the collateral heirs might take the property away from them and deprive them of a home. She further contends that she did not understand the effect of this latter deed, and that she joined with her husband in executing it, not knowing that it would deprive her of her beneficial interest therein; that it was executed by reason of a mutual mistake of the parties as to the significance and effect thereof; that none of them intended that appellee, who had furnished the money, should be deprived of the fee in the land.

The case was submitted to the chancellor on conflicting evidence. We do not think it would serve any useful purpose to set out this testimony. The chancellor found that the appellee had furnished all the money for the purchase and improvement of the property, and that the title was taken in her husband and held in trust by him for her; that the second deed was made at the insistence of Josiah and Mrs. Martin, not with any desire to defeat appellee's superior rights in the premises, but sprang from a fear that they might outlive her; that Josiah Scogin, by virtue of the latter deed, took no better or greater title than that of James H. Scogin, who held it in trust for his wife; and that appellee did not

waive her equity by joining with her husband in said deed. A decree was entered enforcing a resulting trust against said property, and declaring appellee to be the owner in fee of the lands in question, for which she was given a writ of possession.

Other matters were discussed and adjudicated in the decree, but from the disposition we make of this case we do not find it necessary to discuss them.

Assuming, but not deciding, that the evidence is sufficient to establish a resulting trust in appellee's favor in and to the land in controversy, by reason of having furnished the money to pay therefor, title to which was taken in her husband's name, still we are of the opinion that the appellee cannot be held to have acquired title to this property by a resulting trust, because of the deed she signed, acknowledged and delivered under date of August 10, 1917. This deed was executed and acknowledged by James H. Scogin in Warren, Arkansas, and by him sent to his wife in Memphis, Tennessee, where she signed and acknowledged it, separate and apart from her husband. She then returned it to her husband in Warren, Arkansas, where it was delivered to Josiah Scogin. It recited a consideration of $200, and was a deed absolute on its face. Under this state of facts, a deed absolute on its face cannot, by parol testimony, be shown to have been given in trust for the benefit of the grantor, in the absence of fraud, accident or mistake, or a fiduciary relation existing between the parties.

Section 1497, C. & M. Digest, provides: "The term or word 'heirs,' or other words of inheritance, shall not be necessary to create or convey an estate in fee simple; *but all deeds shall be construed to convey a complete estate of inheritance in fee simple, unless expressly limited by appropriate words in such deeds.*" Here the deed is absolute on its face, and there are no words of limitation, appropriate or otherwise, contained therein. Appellee says she executed this second deed by joining with her husband therein; that she did so in order to

satisfy the fears of Mrs. Martin, and through the mistaken belief that the property would still be hers, notwithstanding such deed, and that she was induced to this belief by representations of her husband. It is not alleged nor proved that she was induced to execute same through fraud or accident, but merely by mistake of law. Assuming that this is such a mistake as is contemplated by the law, still it would not be sufficient to destroy her deed, unless the testimony in support thereof is clear, unequivocal, satisfactory and convincing.

In *Mason* v. *Harkins*, 82 Ark. 569, 102 S. W. 228, it was said: "But, even if the testimony of the appellee was equal in weight to that of appellant upon this proposition, she would fail, because a written instrument will not be overturned by parol testimony, unless the evidence be clear, unequivocal and decisive." Citing *McGuigan* v. *Gaines*, 71 Ark. 614, 77 S. W. 52; *Goerke* v. *Rodgers*, 75 Ark. 72, 86 S. W. 837.

In *Tillar* v. *Henry,* 75 Ark. 446, 88 S. W. 573, it was said:

"Constructive trusts may be proved by parol, but parol evidence is received with great caution, and the courts uniformly require the evidence to establish such trusts to be clear and satisfactory. Sometimes it is expressed that the 'evidence offered for this purpose must be of so positive a character as to leave no doubt of the fact,' and sometimes it is expressed as requiring the evidence to be 'full, clear and convincing,' and sometimes expressed as requiring it to be 'clearly established.'" Citing cases.

The above has been the rule of this court in an unbroken line of cases, from *Crittenden* v. *Woodruff,* 11 Ark. 82, down to the present time. Without reviewing the evidence, but after a careful examination thereof, we hold that appellee has not met the requirements of this rule, and that the chancellor erred in holding that she had. It necessarily follows from the foregoing that the case must be reversed, and the cause remanded with directions to dismiss the complaint for want of equity.