SCOTT v. MILLER.

Opinion delivered February 18, 1929.

*Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellant.

*Ira J. Mack,* for appellee.

KIRBY, J. Appellant insists that the chancellor erred in not holding that the fund could be impressed with a trust, and that the testimony warranted a decree in her favor.

It appears to be well settled law, in the absence of statutes providing otherwise, that a trust in personal property may be declared, created, or admitted verbally, and proved by parol testimony. It is said in R. C. L.:

"In some jurisdictions an express trust cannot be created by parol, even as to personal property, but the great weight of authority is to the effect that the statute of frauds does not extend to trusts of personal property, and that such trusts may be created and proved by parol. In accordance with this rule it has been uniformly held that an oral promise by a beneficiary in a life insurance

contract to pay the proceeds of such policy or a portion thereof to a third person is a valid and enforceable trust." 26 R. C. L., p. 1194. See also 3 Pomeroy's Equity (4th ed.) §§ 1008, 1009, pp. 2232-39; *Chew* v. *Brumagen*, 13 Wall. 497, 20 U. S. (L. ed.) 663; *Hirsh* v. *Auer*, 146 N. Y. 13, 40 N. E. 397, 398; *Catland* v. *Hoyt*, 78 N. E. 55, 5 Atl. 775. The rule of evidence for the establishment of such a trust, however, is different from the general preponderance rule insisted upon by appellant, clear, convincing and satisfactory evidence being required. 3 Pomeroy Equity, *supra*.

It is stated in R. C. L. that the same degree of proof should be required—clear, convincing and satisfactory evidence—to prove such an express trust as to establish a resulting trust. 26 R. C. L., pp. 1203, 1231, § 44, § 77; see also *Colegrave* v. *Colegrave*, 89 Ark. 182, 116 S. W. 190, 131 Am. St. Rep. 82; *Bray* v. *Timms*, 162 Ark. 247, 258 S. W. 338; *Scoggin* v. *Scoggin*, 176 Ark. 1009, 4 S. W. (2d) 953.

The majority of the court is of opinion—in which the writer does not agree—that the proof of appellant is not sufficient to meet the requirements of the rule or establish the trust, and the case must be accordingly affirmed. It is so ordered.