LASTER *v.* OLDHAM.

4-3351

Opinion delivered April 2, 1934.

*Fred M. Pickens* and *Golden Blount,* for appellant.

*John E. Miller, C. E. Yingling* and *R. H. Lindsey,* for appellees.

HUMPHREYS, J. Appellees, the sole heirs of Adam Reeder, deceased, brought suit in the chancery court of White County against appellants to cancel a deed to certain real estate in said county executed by Emma Reeder Laster and to recover said lands and all other property received by him from Emma Reeder Laster, and from the estate of the said Adam Reeder and Emma Reeder Laster.

Emma Reeder Laster's first husband was Adam Reeder. At the time she married Adam Reeder he was a widower, and appellees are his children and grandchildren. No children were born to them. According to the clear weight of the testimony, in 1914 they became estranged, and through friends were influenced to renew their marital relationship under oral agreement that they would pool their property and in the future conduct their business in the name of themselves as husband and wife, and, in the event Reeder predeceased his wife, that she would continue to manage their property and would execute a will bequeathing all of the property remaining at her death to the children and grandchildren of Adam Reeder. The agreement was fully performed by the parties as long as Adam Reeder lived and until his wife married J. O. Laster. After the marriage, she executed a deed to the lands in question, which had been conveyed to Adam Reeder and her as husband and wife, to J. O. Laster and bequeathed to him all the personal property so held by her at the time of her death, of her own free will and accord. This suit was commenced when J. O. Laster filed the deed for record and the will for probate. The chancery court found the facts detailed in substance above were supported by the clear weight of the evidence, and rendered a decree impressing a trust upon the personal property, but refusing to impress a trust upon the real estate because the agreement was not in writing. Appellants have appealed from that part of the decree impressing a trust upon the personal property.

The first contention is that the trust agreement was established by the testimony of the attorney, C. L. Pearce, who acted for and advised with both Adam and Emma Reeder when they were reconciled after a short separation. It is argued that his testimony was inadmissible and should not have been considered by the trial court on account of the fourth subdivision of § 4146 of Crawford & Moses' Digest, which reads as follows:

"The following persons shall be incompetent to testify: an attorney concerning any communication

made to him by his client in that relation, or his advice thereon, without the client's consent."

The testimony of Mr. Pearce relates to an agreement entered into by clients in his presence concerning their property and the future disposition thereof to third parties and not to "communication made to him by his client in that relation, or his advice thereon." The subject-matter detailed by him was not within the spirit or letter of the statute. His testimony was clearly admissible. Section 40, "Cyc," p. 2368, subdivision 7.

It is also contended that an express trust relating to personal property cannot be created by parol. This court said in the case of *Scott* v. *Miller*, 179 Ark. 7, 13 S. W. (2d) 819: "In some jurisdictions an express trust cannot be created by parol, even as to personal property, but the clear weight of authority is to the effect that the statute of frauds does not extend to trusts of personal property, and that such trusts may be created and proved by parol."

No error appearing, the decree is affirmed.