BARGER *v.* BAKER.

4-9401                                         237 S. W. 2d 37

Opinion delivered March 5, 1951.

*John H. Thompson* and *J. K. Shamburger,* for appellant.

*T. E. Abington,* for appellee.

ROBINSON, J. This is a contest between mother and daughter as to the ownership of a piece of real estate. The property was bought from one Smythe, son-in-law of the mother, appellant, and the brother-in-law of the daughter, appellee, the deed naming both mother and daughter as grantees.

The daughter claims that she made the down-payment and all subsequent payments on the property out of her own funds, that she bought the property personally, that the mother owned no part of it; but the deed was made to her and her mother due to the fact that her brother-in-law and sister told her that since she was only 20 years of age at the time of the transaction, the deed would have to be made to both her and her mother, so that the brother-in-law and sister could sell the note for the deferred payments, thereby getting all of their money at once. The daughter claims further that the mother at the time promised to give her a deed just as soon as she became 21 years of age, but has refused to abide by such agreement.

The mother denied this version of the transaction and stated that she furnished part of the money with which the property was bought, and for that reason she is named as one of the grantees in the deed and that she is the rightful owner of one-half interest in the property. The chancellor found in favor of the daughter.

It would serve no useful purpose to set out here the evidence in the case. Suffice it to say that both parties produced evidence corroborating their version of the facts, but the finding of the chancellor is supported, not only by a preponderance of the evidence, but by clear and convincing testimony and meets the requirement that trusts resulting by operation of law must be established by evidence which is full, free and convincing. *Ripley* v. *Kelly,* 207 Ark. 1011, 183 S. W. 2d 793; *Grayson* v. *Bowlin,* 70 Ark. 145, 66 S. W. 658.

Affirmed.