JONES *v.* WRIGHT.

5-1852                                         323 S. W. 2d 932

Opinion delivered May 11, 1959.

*J. H. Spears* and *Ralph W. Sloan;* for appellant.

*Giles Dearing,* for appellee.

PAUL WARD, Associate Justice. This litigation was initiated by appellants to have a warranty deed, regular on its face, declared to be a resulting trust. More than one deed is involved but the material facts are the same in each transaction, so we will be concerned with only one deed in this opinion.

On October 20, 1953, Mary Bell McBarton executed a warranty deed conveying certain lands "to Elbert Wright and Laura Wright." The said grantees were husband and wife. Although there is a question about

whose money paid for the land it will be assumed in this opinion that all the consideration was furnished by the wife.

On March 27, 1957 the wife died intestate survived by her husband, the appellee herein, and by appellants who were her next of kin and in line of inheritance.

On June 24, 1958, appellants filed a complaint in Chancery Court setting forth the above factual situation, asking that a resulting trust be declared in their favor, that the title to the subject lands be quieted in them, and that Elbert Wright (appellee) be ousted from possession of said lands. The allegations in the complaint upon which a trust was predicated were that the wife furnished all the consideration and that title was taken in both names without her knowledge or consent and because of the ''connivance and artifice'' of Elbert Wright.

To sustain the above allegations, appellants offered the following testimony, in substance: A brother of Laura Wright testified he never heard any discussion by Mr. and Mrs. Wright about the ownership of the lands; that after Mrs. Wright's death, Elbert said he would give him 20 acres of the land but later changed his mind; that he heard Laura say she was going to buy a farm but didn't mention Elbert having any part in it. Another appellant stated that after Laura's death Elbert said they (appellants) could have 20 acres.

Appellee testified: I had $2,000 and Laura had $2,000 and some more and we put it in the First National Bank in both our names; the President of the bank explained that it was a joint account, and that either of us could draw on it, and; subsequent deposits were made, and they both drew on the account. In regard to the purchase of the property in question, appellee stated that the deed was made after consulting an attorney, and his wife was present.

From the above it is obvious that the Chancellor was justified in finding that appellants had not sustained the allegations in their complaint, viz: that the deed was executed without the knowledge and consent of Laura,

and that there was connivance and artifice on the part of appellee.

The burden of proving that the deed, made out to appellee and his wife, constituted a resulting trust was upon appellants. In Bogert on Trusts and Trustees, Vol. 2A, pages 490 and 491, we find this statement:

"If the wife pays the price, but has the deed run to herself and her husband as tenants by the entirety or as joint tenants, she is deemed to intend to make a gift to the husband of half the value of the use during their joint lives and of the right of survivorship."

In *Walker* v. *Walker,* 369 Ill. 627, 17 N. E. 2d 567, where the purchase price of land was paid by the wife, the court said:

"When property is taken in the joint names of husband and wife and consideration is furnished by one of them, there is a presumption of a gift from the one furnishing the consideration . . ."

For other cases affirming the rule above stated see: *Legendre* v. *South Carolina Tax Commission,* 215 S. C. 514, 56 S. E. 2d 336, and *Nussbacher* v. *Manderfeld,* 64 Wyo. 55, 186 P. 2d 548.

Not only was the burden on appellants, but they were required to offer clear and convincing proof. In *Neill* v. *Neill,* 221 Ark. 893, 257 S. W. 2d 26, we said: "The rule is that implied, constructive, or resulting trusts must be established by clear and convincing evidence—something more than a mere preponderance. In *Barger* v. *Baker,* 218 Ark. 457, 237 S. W. 2d 37, it was stated ". . . trusts resulting by operation of law must be established by evidence which is full, free and convincing."

Weighing the evidence in this case by the rules above set forth, we conclude that the decree of the trial court must be, and it is hereby affirmed.

Affirmed.

McFADDIN, J., concurs.