HENRY OTIS STANDRIDGE ET AL *v.* LILLIAN MARIE STANDRIDGE

5-6167 490 S.W. 2d 125

Opinion delivered February 12, 1973

*Shaw & Shaw,* for appellants.

*Tackett, Moore, Dowd & Harrelson* and *James D. Emerson,* for appellee.

CONLEY BYRD, Justice. This litigation over the ownership of some 700 acres known as the "Holly Bottom Farm" arises out of a divorce action between appellee Lillian Marie Standridge and appellant Henry Otis Standridge. Appellants Mabel Standridge, sister of Otis, and Mr. and Mrs. J. Olen and Lula Standridge, mother and father of Otis, were brought into the divorce action on a claim that Olen and Lula held title to an undivided one-half interest in the "Holly Bottom Farm" as trustees for Otis. After a hearing the trial court made the following specific finding, to-wit:

"That there is insufficient proof to establish a constructive trust on any of the lands or real estate, and particularly the Holly Bottom Farm although the Court finds that the Defendant, Henry Otis Standridge, did own a one-half (½) interest in this property known as the Holly Bottom Farm, which contained six hundred and forty-nine acres. Such ownership does not establish a lien of any kind whatsoever on these lands other than a lien of a judgment under the law."

From a decree awarding Marie a judgment in the amount of $10,289.80 as her statutory dower interest in the undivided interest in the "Holly Bottom Farm" is this appeal.

The record shows that the "Holly Bottom Farm" was originally owned by the parents of Mrs. Lula Standridge. At the death of her parents the farm descended one-half to Mrs. Lula Standridge and one-half to her brother Lem Wimberly. Lem Wimberly by deed dated September 26, 1958, conveyed his undivided one-half interest to J. Olen and Lula Standridge for a consideration of $9,000. Marie does not dispute the fact that Olen and Lula paid for the land but she contends that they did so with the understanding that Otis would pay them the $9,-000 and that they would then convey the undivided one-half interest to Otis. However, Marie did not testify to any personal knowledge of any such agreement being made. Other testimony on her part consisted of some checks paid by Otis to Olen and Lula which she assumed were payments on the $9,000. There was also proof that Otis had listed the undivided one-half interest as being owned by him when making application to the local Production Credit Association and that he at other times had told other people that he owned a one-half interest in the farm.

Appellants denied that the lands were purchased for the use and benefit of Otis and testified that the checks introduced by Marie were repayments of loans made to Otis or payments made on cattle and feed purchased by Otis from his parents. Other proof showed that Otis' cattle pasturing arrangement with his parents, on the

lands involved, was substantially the same from 1948 to the time of the separation.

The law in dealing with resulting and implied trusts places the burden upon one alleging such a trust to prove the same by clear, cogent and convincing evidence. See *Ripley* v. *Kelley*, 207 Ark. 1011, 183 S.W. 2d 793 (1944), *Harrison* v. *Cruse*, 233 Ark. 237, 343 S.W. 2d 789 (1961), and *Bebout* v. *Bebout*, 241 Ark. 291, 408 S.W. 2d 480 (1966). Here the proof is not clear, cogent and convincing that J. Olen and Lula Standridge held an undivided one-half interest in the "Holly Bottom Farm" in trust for Otis. It follows that so much of the decree as awarded Marie a statutory dower interest of $10,289.80 in the "Holly Bottom Farm" must be reversed and dismissed.

Reversed for entry of a decree in accordance herewith.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, Concurring. I concur. In my opinion, a resulting trust was not shown by a preponderance of the evidence. The chancellor passed on the sufficiency of the evidence in his findings, and his conclusion that it was insufficient seems proper to me. I would reverse on the basis that the ultimate decree was clearly against the proponderance of the evidence without a determination here on the clear, cogent and convincing evidence requirement.