Linda Lou LYLE *v.* Johnny Butler LYLE

CA 84-340                    691 S.W.2d 188

Court of Appeals of Arkansas
Division II
Opinion delivered June 19, 1985

*Rex W. Chronister*, for appellant.

No brief filed by appellee.

JAMES R. COOPER, Judge. In this divorce case involving the division of marital property, the issue on appeal concerns the correctness of the chancellor's decision to give each party credit for that portion of the downpayment contributed by each of them toward the purchase of a residence held as tenants by the entirety. We hold that the chancellor erred.

The parties have twice married and divorced each other. In the interim between the first divorce and the subsequent remarriage, the appellee purchased two parcels of real property: an unimproved parcel of land in Little Rock and a residence in Fort Smith. After remarrying, the appellee sold both properties and, with the financial assistance of the appellant, made a downpayment on 40 acres and a house located in Sebastian County, Arkansas. It is this tract of land which is involved in the case at bar.

The chancellor granted a divorce and ordered the 40 acre homeplace sold "in accordance with Ark. Stat. Ann., Section 34-1214, except as hereinafter provided". It is undisputed that the 40 acre homeplace was held as tenants by the entirety. The division of such property is governed by Ark. Stat. Ann., Section 34-1215 (Supp. 1983) rather than Section 34-1214. *Warren v. Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981). Arkansas Statutes Annotated, Section 34-1215 (Supp. 1983) is the only statutory authority for the division of tenancies by the entirety, and it provides for an equal division of such property without regard to gender or fault. *Warren v. Warren*, 11 Ark. App. 58, 665 S.W.2d 909 (1984). Therefore the chancellor erred in dividing that property pursuant to Section 34-1214.

In dividing the proceeds, the first $12,800.00 derived from the sale was set off to the appellee, representing the portion of the downpayment contributed from the proceeds of the sale of his Little Rock and Fort Smith properties. The appellant was awarded a credit of $1,371.31, representing her contribution to the downpayment on the 40 acres. The balance of the sale

proceeds was to be divided equally between the parties.

█  The chancellor erred in crediting each party with the amount contributed toward the downpayment on the 40 acres. Although it is true that the respective contributions toward the downpayment came from separate funds, the 40 acres was held as tenants by the entirety. In such a situation, there arises a presumption of a gift from the party furnishing the consideration. *Jones* v. *Wright*, 230 Ark. 567, 323 S.W.2d 932 (1959). Although this presumption is rebuttable, it is a strong one. As the Arkansas Supreme Court stated in *Ramsey* v. *Ramsey*, 259 Ark. 16, 531 S.W.2d 28 (1975):

> The presumption is strong, and it can be overcome only by clear, positive, unequivocal, unmistakable, strong, and convincing evidence, partially because the alternative is a resulting trust the establishment of which, under such circumstances, requires that degree of proof. (citations omitted).

█  Since the presumption of a gift from each of the parties to the other arose, the issue is whether the evidence is sufficient to rebut that presumption. We hold that it is not sufficient. The record reveals that during the interval between the first divorce and the subsequent remarriage, while the couple was living together, the appellee purchased the Fort Smith house and lot in his name only, and that he refused to put the appellant's name on any of the legal documents. The appellee alleged at trial (he did not file a brief on appeal) that those actions are sufficient to demonstrate his state of mind and thus to rebut the presumption that he intended a gift of one-half of his contribution. We find that the evidence in the case at bar falls short of that which is required to rebut the presumption of a gift. Therefore, since we hold that the chancellor's decision was clearly erroneous and against the preponderance of the evidence, we must reverse and remand. ARCP, Rule 52(a); *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981). On remand, the chancellor should enter an order dividing the proceeds of the sale equally between the parties.

Reversed and remanded.

CORBIN and GLAZE, JJ., agree.